■ MICHAEL RIGGIN, Respondent, v BALFOUR OWNERS CORP., Appellant.—In an action to recover moneys paid as a transfer fee upon the sale of stock in a cooperative corporation, the defendant appeals from an order of the Supreme Court, Queens County (Hyman, J.), dated December 15, 1986, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff challenges the exaction of a 6% transfer fee by the defendant cooperative corporation upon the closing of the sale and assignment of the plaintiff's shares in an apartment of the subject premises. The issue presented is whether the plaintiff's shares qualify as "unsold shares" which are exempted from the transfer fee by the terms of the corporate bylaws. The Supreme Court answered in the affirmative. We agree.

The relevant provisions of the bylaws, proprietary lease, offering plan and amendment thereto, read together *(see, Fe Bland v Two Trees Mgt. Co.,* 66 NY2d 556, 563; *330 W. End Apt. Corp. v Kelly,* 66 NY2d 556, 563) present no question of fact and therefore were properly interpreted by the court as a matter of law *(see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285). The proprietary lease and offering plan provide that "unsold shares" retain their character as such, regardless of transfer, until an individual purchases the same and actually occupies the apartment to which the shares are allocated. Inasmuch as the plaintiff or his family never occupied the apartment, the shares remained "unsold" and were therefore exempt from the transfer fee. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.