■ JAMES R. CRAIG et al., Appellants, v RIVERVIEW EAST OWNERS, INC., et al., Respondents.—Judgment of the Supreme Court, New York County (Michael J. Dontzin, J.), entered on or about June 14, 1988, which granted respondents' motion to dismiss the petition, unanimously modified, on the law, to the extent of remanding the matter to IAS Part 28 for a hearing on the question of the status of petitioners' shares in the cooperative corporation and, except as so modified, affirmed, without costs.

It is petitioners' contention that they are not subject to regulations of the cooperative board of directors which restrict the transfer of shares by virtue of their status as "holders of unsold shares". Petitioners concededly have never occupied the apartment for which the shares were issued. This dispute apparently arose when the board voted to preclude the transfer of shares in the cooperative corporation to persons who sought to hold them for investment purposes only and not for the purpose of establishing a residence.

Petitioners rely on paragraph 38 (a) of the proprietary lease, which states: "The term 'Unsold Shares' means and has exclusive reference to the shares of the Lessor which were issued to the Lessor's grantor(s) or individuals produced by the Lessor's grantor(s) pursuant to the Plan of cooperative organization of Lessor or to a nominee or designee of such grantor(s) or individual(s); and, all shares which are Unsold Shares retain their character as such (regardless of transfer) until (1) such shares become the property of a purchaser for bona fide occupancy (by himself or a member of his family) of the apartment to which such shares are allocated, or (2) the holder of such shares (or a member of his family) becomes a bona fide occupant of the Apartment. This Paragraph 38 shall become inoperative as to this Lease upon the occurrence of either of said events with respect to the Unsold Shares held by the Lessee named herein or his assignee." Petitioners contend that they are holders of unsold shares by virtue of the provisions of this section and are therefore entitled to the protection of other provisions of paragraph 38 which exempt

holders of unsold shares from obtaining consent of the directors or shareholders of the corporation before transferring ownership of an apartment.

In support of their position, petitioners rely on the opinion of the Appellate Division, Second Department, in *Riggin v Balfour Owners Corp.* (137 AD2d 799). However, it cannot be ascertained from the Second Department's memorandum what the proprietary lease, bylaws, offering plan or its subsequent amendments may have provided in that case. Therefore, that decision affords no guidance in the instant matter.

Nor do we agree with petitioners that paragraph 38 of the proprietary lease is dispositive of the status of their cooperative shares. While this provision includes a definition of the term "holder of unsold shares", its operation is merely to extinguish the rights of a holder of unsold shares if those shares become the property of someone, including the holder, "for bona fide occupancy", however that phrase may be interpreted. This provision, therefore, does not create rights, it merely extinguishes them. Nor does the contract of sale under which petitioners acquired their shares support their position. The provisions of the contract which render it subject to approval by the board of directors (para 5) and require adherence to the bylaws, rules and regulations of the corporation (para 6) contradict petitioners' assertion that they are exempt from such requirements by virtue of their status as holders of unsold shares.

The strength of their argument notwithstanding, the function of a court on a motion for summary judgment is issue finding and not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Wiener v Ga-Ro Die Cutting,* 104 AD2d 331, *affd* 65 NY2d 732). Petitioners' pleadings serve to raise an issue of fact with respect to their status as shareowners, and they are entitled to present their evidence at a trial. Concur—Murphy, P. J., Ross, Ellerin, Smith and Rubin, JJ.