■ INNA GORBATOV et al., Appellants-Respondents, v GARDENS 75TH STREET OWNERS CORP. et al., Appellants-Respondents. [668 NYS2d 691] —In an action, *inter alia*, for a judgment declaring that the plaintiffs are holders of unsold shares of the defendant cooperative corporation, (1) the plaintiffs appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated July 29, 1996, which denied their motion for summary judgment declaring that they are the holders of unsold shares in the defendant cooperative corporation, and granted those branches of the defendants' cross motion which were to dismiss the second, third, and fourth causes of action asserted in the complaint, and (2) the defendants separately appeal from so much of an order of the same court, dated October 9, 1996, as, upon reargument, reinstated the second, third, and fourth causes of action and granted the plaintiffs' motion for a preliminary injunction prohibiting a sale of the shares of the plaintiffs' cooperative units pending a determination of the amounts owed by the plaintiffs to the defendants, *inter alia*, for maintenance arrears. The appeal brings up for review so much of the order dated October 9, 1996, as, upon reargument, adhered to the original determination that the plaintiffs are not holders of unsold shares.

Ordered that the appeal from the order dated July 29, 1996, is dismissed, without costs or disbursements, as that order was superseded by the order dated October 9, 1996, made upon reargument; and it is further,

Ordered that the order dated October 9, 1996, is modified, by deleting the provision thereof which, upon reargument, reinstated the fourth cause of action and substituting therefor a provision adhering to the original determination as to that cause of action; as so modified, the order is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

Based upon our review of the relevant documents, including the subscription agreements wherein the plaintiffs acknowledged that they were purchasing nine of the units for resale and investment purposes, the applicable provisions of the offering plan and amendments thereto, and the proprietary lease, as well as the applicable regulations set forth in 13 NYCRR part 18, we agree with the Supreme Court that the plaintiffs did not establish that they are holders of unsold shares in the defendant corporation.

The plaintiffs' reliance upon paragraph 38 (a) of the Proprietary Lease in support of their claim that they are holders of unsold shares is misplaced. That paragraph does not "create rights, it merely extinguishes" the rights of persons who have the status of holder of unsold shares (*Craig v Riverview E. Owners, Inc.*, 156 AD2d 157, 158). There is no dispute that the plaintiffs were never designated holders of unsold shares by the sponsor (*see*, 13 NYCRR 18.3 [w] [1]), and that the predecessor to the defendant Wemberly Company was designated as such holder. The plaintiffs also did not, as required of holders of unsold shares, "amend the plan to provide current and accurate information * * * including the same information concerning all holders of unsold shares as is required for principals of the sponsors * * * [until the] shares have been sold to bona fide purchasers" (13 NYCRR 18.3 [w] [11]). Wemberly and its predecessor did in fact amend the plan as required. Furthermore, a holder of unsold shares must comply with the trust and escrow provisions of General Business Law § 352-e (2-b) and § 352-h (*see*, 13 NYCRR 18.3 [w] [9]), and register as a broker-dealer (*see*, 13 NYCRR 18.3 [w] [10]). Wemberly and its predecessor complied with these provisions. While the plaintiff Difa Gorbatov registered as a broker-dealer, she did not do so until approximately four years after she alleges she became a holder of unsold shares. The plaintiff Inna Gorbatov never registered as a broker-dealer. In any event, the plaintiffs acknowledged that they were purchasing at least nine of the units for investment and resale purposes. Such purchasers are also required to register as broker-dealers (*see*, 13 NYCRR 18.3 [x] [1]). Based upon the foregoing, we find that

the court correctly determined that the plaintiffs were not holders of unsold shares in the defendant corporation.

In view of the court's concession that it "inadvertently dismissed" the second, third, and fourth causes of action in the complaint, the court did not improvidently exercise its discretion in granting reargument (*see, Loland v City of New York*, 212 AD2d 674; *Rodney v New York Pyrotechnic Prods. Co.*, 112 AD2d 410). Upon reargument the court properly reinstated the second and third causes of action. The parties had specifically stipulated that the plaintiffs would have "the right to prove at a hearing the facts of what is actually due and owing" to the defendants. The second cause of action seeks a determination as to that amount, while the third cause specifically alleges that payments that were made were not properly credited to the plaintiffs' accounts. The court also properly enjoined a pending sale of the plaintiffs' units. While the defendants maintain that a determination as to what amounts the plaintiffs owe them should not impede their right to sell the units, the stipulation contemplates that that amount was to be determined prior to any sale.

The court, however, erred in reinstating the fourth cause of action, as there is nothing in the record which would establish a right to attorney's fees. Therefore, the court should have, upon reargument, adhered to so much of the determination as dismissed that cause of action. Sullivan, J. P., Pizzuto, Santucci and Florio, JJ., concur.