■ LESLIE SUSSER, Appellant, v 200 EAST 36TH OWNERS CORP., Respondent. [692 NYS2d 334] —Order and judgment (one paper), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 7, 1998, which, to the extent appealed from, denied plaintiff's motion for a preliminary injunction; granted, in part, defendant's cross motion for summary judgment, dismissing plaintiff's first and second causes of action, and his third and fourth causes to the extent that they sought to enjoin defendant from imposing sublet charges and fees, declaring that defendant's imposition of a sublet fee was not violative of Business Corporation Law § 501 (c); and granted defendant summary judgment upon its counterclaims to permanently enjoin plaintiff from subletting his apartment without defendant's approval and for attorneys' fees, unanimously affirmed, with costs.

Plaintiff asserts that the exemption of holders of unsold shares from subletting restrictions and fees imposed on shareholder-tenants such as himself constitutes differing treatment of holders of the same class of stock in violation of Business Corporation Law § 501 (c). The exemption from subletting restrictions and fees in favor of the holders of unsold shares was, however, permissibly imposed on the cooperative's Board of Directors pursuant to the offering plan governing defendant's

cooperative conversion (*see,* 13 NYCRR 18.3 [w] [8]). The exemption of the sponsor, as holder of unsold shares, from defendant cooperative corporation's otherwise applicable strictures as to subletting is, moreover, justified by obligations imposed upon the sponsor that are not shared by other shareholders. The sponsor must provide renewal leases to non-purchasing tenants who remain in possession pursuant to a non-eviction plan (*see,* General Business Law § 352-eeee), and the discharge of that obligation would be rendered difficult, if not impossible, by subjecting the sponsor to restrictions on subletting applicable to other cooperative proprietary leaseholders. While we recognize that plaintiff does not sue to impose the obligations of tenant shareholders with respect to subletting upon the sponsor, but rather to have the tenant shareholders freed, in the manner of the sponsor, of those obligations, the rationale favoring the exemption for the sponsor does not exist for the tenant-shareholders and, in the absence of such a rationale favoring the tenant-shareholders, we find no basis to conclude that the failure to afford them the same exemption as the sponsor deprives them of equal treatment within the meaning of Business Corporation Law § 501 (c). The challenged restrictions upon tenant-shareholder subletting serve numerous legitimate ends of the cooperative corporation. Among these are the promotion of the residential nature of the cooperative and the consequent facilitation of the cooperative's vitally important access to financing. It is not consistent with the Legislature's evident intent in amending Business Corporation Law § 501 (c) (L 1986, ch 598, § 1) in response to *Fe Bland v Two Trees Mgt. Co.* (66 NY2d 556) to employ that section as plaintiff would, to turn exemptions such as these, necessitated by law and legislatively sanctioned public policy, into devices for stripping residential cooperative corporations of their essential managerial prerogatives (*see, Mogulescu v 255 W. 98th St. Owners Corp.,* 135 AD2d 32, 38-39, *lv dismissed in part and denied in part* 73 NY2d 868; *see also, Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530, 536-537; *Weisner v 791 Park Ave. Corp.,* 6 NY2d 426). Our determination in *Wapnick v Seven Park Ave. Corp.* (240 AD2d 245) is not to the contrary since in that case the differential treatment involved affected similarly situated tenant shareholders, and, accordingly, could not have been justified by the considerations implicated herein.

We have considered plaintiff's other arguments and find them to be unpersuasive. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Buckley, JJ.