■ RICHARD PACELLA, Appellant, v 107 WEST 25TH STREET CORP., Respondent. [707 NYS2d 75] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered May 10, 1999, dismissing the complaint, and bringing up for review a prior order, same court and Justice, entered on or about April 21, 1999, which, in an action for a declaration that plaintiff is a holder of unsold shares in defendant residential cooperative corporation who does not require defendant's consent in order to sublet two apartments the allocated shares of which he owns, and for related injunctive and monetary relief, granted defendant's cross motion for summary judgment, and denied plaintiff's motion to compel disclosure as moot, unanimously modified, on the law, only to declare that plaintiff is not a holder of unsold shares and that he does require defendant's consent in order to sublet the subject apartments, and otherwise affirmed, without costs. Appeal from the order, unanimously dismissed, without costs, as academic, in view of the foregoing.

Plaintiff's only basis for claiming holder-of-unsold-shares status is the amendment to the one contract of sale he produced deleting the form language that the "seller is not the sponsor." This is not enough to warrant denial of summary judgment in defendant's favor. There is no evidence that the sponsor designated plaintiff as the holder of unsold shares (13 NYCRR 18.3 [w] [1]), that the sponsor guaranteed plaintiff's payment of all maintenance charges and assessments (13 NYCRR 18.3 [w] [3], [4]), that plaintiff "amend[ed] the plan to provide current and accurate information about the offering, including the same

information concerning all holders of unsold shares as is required for principals of the sponsor * * * until the shares held as unsold shares have been sold to bona fide purchasers" (13 NYCRR 18.3 [w] [11]), or that plaintiff complied with the trust and escrow provisions of General Business Law § 352-e (2-b) and § 352-h (13 NYCRR 18.3 [w] [9]) (*see, Thompson v 490 W. End Apts. Corp.*, 252 AD2d 430, 434, *lv denied* 92 NY2d 814; *Gorbatov v Gardens 75th St. Owners Corp.*, 247 AD2d 440). Indeed, the recognition agreements signed by plaintiff in connection with his financing state that the sponsor is not obligated to cure plaintiff's defaults. We have considered and rejected plaintiff's other arguments, and modify merely to dispose of the cause of action for declaratory judgment. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Lerner and Buckley, JJ.