[832 NE2d 707, 799 NYS2d 433]

GEORGE KRALIK et al., Appellants, v 239 EAST 79TH STREET OWN-
ERS CORP., Respondent.

Argued May 5, 2005; decided June 16, 2005

## POINTS OF COUNSEL

*Finder Novick Kerrigan LLP,* New York City (*Thomas P. Kerrigan* and *Christina DeVillacian* of counsel), for appellants. I. The sponsor disclosure obligations promulgated by the New York State Attorney General in 13 NYCRR 18.3 may not be used to create additional substantive obligations for entitlement to holder of unsold share status in cooperative apartment buildings. (*Council for Owner Occupied Hous. v Abrams,* 133 Misc 2d 574, 125 AD2d 10, 72 NY2d 553; *Matter of Whalen v Lefkowitz,* 36 NY2d 75; *Matter of 44 W. 96th St. Assoc. v Abrams,* 85 AD2d 563, 56 NY2d 649; *People v Lexington Sixty-First Assoc.,* 38 NY2d 588; *All Seasons Resorts v Abrams,* 68 NY2d 81; *Clark v Cuomo,* 66 NY2d 185; *Pacella v 107 W. 25th St. Corp.,* 271 AD2d 342; *Riggin v Balfour Owners Corp.,* 137 AD2d 799; *Craig v Riverview E. Owners,* 156 AD2d 157; *Thompson v 490 W. End Apts. Corp.,* 252 AD2d 430.) II. The sponsor disclosure regulations promulgated in 13 NYCRR 18.3 may not be used by a private party to avoid contractual obligations since enforcement of the regulations is vested solely in the office of the New York State Attorney General. (*CPC Intl. v McKesson Corp.,* 70 NY2d 268.) III. Even if 13 NYCRR 18.3 (w) is held to properly create additional requirements for holder of unsold share status and the corporation is held to have the power to enforce such regulations, the corporation cannot void George and Sara Kralik's rights as holders of the unsold shares under the proprietary lease since the Kraliks are in fact in compliance with all applicable regulations.

*Gallet Dreyer & Berkey, LLP,* New York City (*David L. Berkey, Morrell I. Berkowitz, Beatrice Lesser* and *Michelle P. Quinn* of counsel), and *Rosenberg & Pittinsky, LLP* (*Laurence D. Pittinsky* of counsel) for respondent. I. The proprietary lease must be interpreted to give effect to the cooperative's and George and

Sara Kralik's reasonable expectations in light of the law that existed when the contract was made. (*Fe Bland v Two Trees Mgt. Co.,* 66 NY2d 556; *Mionis v Bank Julius Baer & Co.,* 301 AD2d 104; *Corhill Corp. v S.D. Plants, Inc.,* 9 NY2d 595; *Trump-Equitable Fifth Ave. Co. v H.R.H. Constr. Corp.,* 106 AD2d 242, 66 NY2d 779; *Sutton v East Riv. Sav. Bank,* 55 NY2d 550; *Goldfarb v Goldfarb,* 86 AD2d 459; *Dolman v United States Trust Co. of N.Y.,* 2 NY2d 110; *CPC Intl. v McKesson Corp.,* 70 NY2d 268; *511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144; *Craig v Riverview E. Owners,* 156 AD2d 157.) II. George and Sara Kralik failed to show that they complied with any of the obligations required of a holder of unsold shares; basic principles of contract law and equity bar them from enjoying the benefits of a holder of unsold shares. (*Williams v Fitzhugh,* 37 NY 444; *Westwood v Cole,* 66 Misc 53; *Pacella v 107 W. 25th St. Corp.,* 271 AD2d 342; *Spiegel v 1065 Park Ave. Corp.,* 305 AD2d 204; *Fe Bland v Two Trees Mgt. Co.,* 66 NY2d 556.) III. The decision below should be affirmed because the express wording of the proprietary lease shows that George and Sara Kralik were never holders of unsold shares. (*Mionis v Bank Julius Baer & Co.,* 301 AD2d 104.) IV. George and Sara Kralik's complaint should have been dismissed because the claims were barred by the statute of limitations. (*Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Boyce v Rinehart,* 263 AD2d 377; *Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482.)

*Eliot Spitzer, Attorney General,* New York City (*Michelle Aronowitz* and *Julie M. Loughran* of counsel), amicus curiae. I. The courts below misapplied 13 NYCRR 18.3 (w) to George and Sara Kralik. (*Council for Owner Occupied Hous. v Abrams,* 72 NY2d 553; *Vermeer Owners v Guterman,* 78 NY2d 1114; *Craig v Riverview E. Owners,* 156 AD2d 157; *Gorbatov v Gardens 75th St. Owners Corp.,* 247 AD2d 440; *Pacella v 107 W. 25th St. Corp.,* 271 AD2d 342; *Riggin v Balfour Owners Corp.,* 137 AD2d 799.) II. The Court should employ ordinary contract principles to resolve the parties' dispute, without resort to 13 NYCRR 18.3. (*Fe Bland v Two Trees Mgt. Co.,* 66 NY2d 556; *511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144; *Ludwig v 25 Plaza Tenants Corp.,* 184 AD2d 623; *Brickman v Brickman Estate at Point,* 6 AD3d 474; *Greenfield v Philles Records,* 98 NY2d 562; *Vermont Teddy Bear Co. v 538 Madison Realty Co.,* 1 NY3d 470; *R/S Assoc. v New York Job Dev. Auth.,* 98 NY2d 29; *Matter of Wallace v 600 Partners Co.,* 86 NY2d 543; *Vanderveer v Callanan Indus.,* 97 AD2d 916; *Matter of Siwek v Mahoney,* 39 NY2d 159.)

**OPINION OF THE COURT**

READ, J.

Defendant owns the building located at 239 East 79th Street in Manhattan, which was converted to cooperative ownership in 1983. This appeal stems from a longstanding dispute over the rights of plaintiffs George and Sara Kralik as proprietary lessees and owners of the shares of the corporation purchased from the cooperative's sponsor as unsold shares. We conclude that whether plaintiffs are holders of unsold shares should be determined solely by applying ordinary contract principles to interpret the terms of the documents defining their contractual relationship with the cooperative corporation.

I.

Plaintiffs became the proprietary lessees of apartment 16E on May 16, 1985 by an assignment of proprietary lease from the cooperative's sponsor. According to plaintiffs, they purchased apartment 16E for investment purposes,[1] understanding that they were holders of unsold shares exempt from some of the restrictions applicable to residential tenants—most relevantly, a restriction on sublets without approval or fee. Consistent with this status, plaintiffs apparently sublet apartment 16E from June 1, 1986 through May 31, 1988 without approval of the cooperative's Board of Directors or payment of a sublet fee. In June 1988, however, the Board insisted that plaintiffs pay a sublet fee "under threat of exclusion" of their second subtenant. Plaintiffs paid this fee and another fee in 1989 "under duress," and then stopped paying. In 1992, plaintiffs received a notice of default from the Board, which threatened lease termination.

After a six-year standoff, in 1998 plaintiffs acted to resolve their dispute with the Board by commencing this lawsuit. Plaintiffs asked for a declaration that they were holders of unsold shares and therefore entitled to sublet apartment 16E without obtaining the Board's consent or paying a sublet fee. They also sought damages for breach of fiduciary duty and lost rental income allegedly caused by defendant's interference with their right to sublet.

After issue was joined, defendant moved for summary judgment on the ground that, as a matter of law, plaintiffs were not

---

1. Plaintiffs are also proprietary lessees and shareholders of apartments 11N (their residence) and 1A (where plaintiff George Kralik conducts his dental practice).

holders. Specifically, defendant claimed that this was so because plaintiffs failed to comply with various requirements of 13 NYCRR part 18 ("Occupied Cooperatives"). Defendant did not dispute that plaintiffs never intended to occupy and never actually resided in apartment 16E.

Supreme Court granted defendant summary judgment and declared that plaintiffs were not holders because neither "they [n]or the sponsor complied with a number of . . . prerequisites for acquiring that status," including 13 NYCRR 18.3 (w) (3) and (4) (sponsor must guarantee payment of all maintenance charges and assessments and make certain financial representations with respect to unsold shares) and 13 NYCRR 18.3 (w) (11) (holder must amend the cooperative's offering plan to provide specified information). Supreme Court cited *Pacella v 107 W. 25th St. Corp.* (271 AD2d 342 [1st Dept 2000]) and *Gorbatov v Gardens 75th St. Owners Corp.* (247 AD2d 440 [2d Dept 1998]) to support the proposition underpinning its holding— that plaintiffs were not holders, regardless of their rights under the cooperative's governing documents, unless they also complied with regulations promulgated by the Attorney General under article 23-A of the General Business Law (the Martin Act) and codified at 13 NYCRR part 18.

The Appellate Division affirmed, holding that, "as a matter of law," plaintiffs never became holders (4 AD3d 144 [1st Dept 2004]). The Court determined that, contrary to plaintiffs' contentions, they were not holders merely by virtue of their compliance with paragraph 38 (a) of the proprietary lease. "[S]uch a provision, alone, 'does not create rights . . . it merely extinguishes them' " (*id.* [quoting *Craig v Riverview E. Owners,* 156 AD2d 157, 158 (1st Dept 1989)]). "There must also be compliance with regulatory requirements pertaining to such holders" (*id.* [citing *Pacella*]), some of which plaintiffs concededly did not fulfill. We subsequently granted leave to appeal, and now reverse.

## II.

The Martin Act governs the offer and sale of securities in and from New York State, including securities representing "participation interests" in cooperative apartment buildings. The Attorney General bears sole responsibility for implementing and enforcing the Martin Act, which grants both regulatory and remedial powers aimed at detecting, preventing and stopping

fraudulent securities practices (*see CPC Intl. v McKesson Corp.*, 70 NY2d 268 [1987]). According to the Attorney General, who filed an amicus brief in this case, his duties under the Martin Act with respect to cooperative apartments are twofold. First, he reviews the disclosures required by General Business Law § 352-e for sufficiency. Second, he may investigate and initiate civil or criminal actions where he believes there is fraud (*see* General Business Law §§ 352, 352-c, 353, 354).

To carry out his responsibilities under section 352-e, the Attorney General has promulgated 13 NYCRR part 18 (*see* General Business Law § 352-e [6] [b] [empowering Attorney General to "adopt, promulgate, amend and rescind suitable rules and regulations" relating generally to General Business Law § 352-e]). Because section 352-e is "a disclosure statute, designed to protect the public from fraudulent exploitation in the sale of real estate securities" (*Council for Owner Occupied Hous. v Abrams*, 72 NY2d 553, 557 [1988]), part 18 is similarly limited and only applies to disclosures made in a public offering. Thus, part 18 does not apply to plaintiffs unless and until they offer apartment 16E's shares for sale to the public, and, in that event, only the Attorney General may enforce part 18's requirements (*see Vermeer Owners v Guterman*, 78 NY2d 1114 [1991] [no private cause of action under General Business Law § 352-e]).

In short, the terms of the controlling documents—not part 18—determine whether plaintiffs are holders of unsold shares.[2] Plaintiffs' status must be decided by applying the usual rules of contract interpretation to those documents (*see e.g. Fe Bland v Two Trees Mgt. Co.*, 66 NY2d 556, 563 [1985] ["The relationship between the shareholder/lessees of a cooperative corporation and the corporation is determined by the certificate of incorporation, the corporation's bylaws and the proprietary lease under which a particular apartment is occupied, subject, of course to applicable statutory and decisional law"]).

Accordingly, the order of the Appellate Division should be reversed, without costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

---

2. *Craig, Gorbatov, Pacella* and any other decisions relying on them are incorrect to the extent they suggest that the requirements of 13 NYCRR part 18 apply where no shares are offered for sale.

60

Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Graffeo and R.S. Smith concur.

Order reversed, etc.