■ RONALD YATTER, Respondent, v CONTINENTAL OWNERS CORP., Appellant. [802 NYS2d 239]—

In an action, inter alia, for a judgment declaring that the plaintiff is the holder of certain unsold shares of a residential cooperative corporation, the defendant appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Golar, J.), dated April 9, 2004, as (a) denied those branches of its motion which were for summary judgment on the first cause of action, inter alia, declaring that the plaintiff is not a holder of unsold shares, dismissing the second and fourth causes of action, and on its counterclaims, (b) granted that branch of the plaintiff's cross motion which was for summary judgment on the first cause of action declaring that he is the holder of the unsold shares, (c) declared that the plaintiff is the holder of the unsold shares, and (d) permanently enjoined the defendant from terminating the proprietary lease.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, the regulations promulgated by the Attorney General to govern the conduct of holders of unsold shares of residential cooperative corporations (*see* 13 NYCRR part 18) are inapplicable to the plaintiff "unless

and until [he] offer[s] [the] . . . shares for sale to the public, and, in that event, only the Attorney General may enforce part 18's requirements" (*Kralik v 239 E. 79th St. Owners Corp.*, 5 NY3d 54, 59 [2005]). Thus, a determination as to whether the plaintiff is a holder of unsold shares should be made "solely by applying ordinary contract principles to interpret the terms of the documents defining [his] contractual relationship with the cooperative corporation" (*Kralik v 239 E. 79th St. Owners Corp., supra* at 57), including the relevant offering plan, amendments to the plan, and the proprietary lease (*see Riggin v Balfour Owners Corp.*, 137 AD2d 799 [1988]). Where, as here, there is nothing in the record to indicate that the plaintiff offered the shares in dispute to the public, or intended to offer them for sale, the defendant may not condition the plaintiff's status as a holder of unsold shares on his compliance with the provisions of 13 NYCRR part 18 (*see Kralik v 239 E. 79th St. Owners Corp., supra*). The language of the relevant offering plan, plan amendments, and proprietary lease established the plaintiff's entitlement to judgment as a matter of law on the cause of action for a declaration that he is a holder of unsold shares, and thus exempt from sublet fees and the need to obtain prior sublet approval from the defendant's board of directors. The defendant raised no triable issue of fact in opposition. In addition, there is no merit to the defendant's contention that Business Corporation Law § 501 (c) prohibits an offering plan or proprietary lease from exempting a holder of unsold shares from sublet fees or board-approval requirements applicable to other shareholders (*see Susser v 200 E. 36th Owners Corp.*, 262 AD2d 197, 198 [1999]; *Mogulescu v 255 W. 98th St. Owners Corp.*, 135 AD2d 32 [1988]; *1326 Apts. Corp. v Barbosa*, 147 Misc 2d 264, 268 [1990]). Nor did the plaintiff breach any obligation to the defendant by failing to sell the disputed shares to a bona fide purchaser for occupancy within any given time frame (*cf. 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]; *West Gate House, Inc. v 860-870 Realty LLC*, 7 AD3d 412 [2004]).

Accordingly, the Supreme Court properly, inter alia, granted summary judgment to the plaintiff on the first cause of action, among other things, declaring that the plaintiff is the holder of the unsold shares, and properly denied those branches of the defendant's motion which were for summary judgment on the first, second, and fourth causes of action and on its counterclaims. S. Miller, J.P., Ritter, Rivera and Skelos, JJ., concur.