■ In the Matter of RUTH SCHAPIRA, Individually and as Cotrustee of the Trust under Paragraph FIFTH (B) of the Last Will and Testament of HANS E. SCHAPIRA, Deceased, et al., Respondents-Appellants, v FRED GRUNBERG et al., Appellants-Respondents. [819 NYS2d 8]—

Orders, Supreme Court, Bronx County (Lucy Billings, J.), entered November 22, 2005, which collectively granted the petition, dismissed respondents' first counterclaim, directed a hearing on the second counterclaim of respondents Grunberg, Bullard and Bravmann except to the extent that it sought reinspection of the votes by respondent Scher, denied respondents' motion for disclosure, denied petitioners' cross motion for a protective order, and granted petitioners' motion for a stay of all disclosure pending the hearing on respondents' second counterclaim, unanimously modified, on the law and the facts, the second counterclaim for inspection of election records by Grunberg, Bullard and Bravmann granted, injunctive relief denied, and otherwise affirmed, without costs.

Although this action is essentially a proceeding under Business Corporation Law § 619 (see People ex rel. Nicholl v New York Infant Asylum, 122 NY 190 [1890]), the court is not precluded from considering the issues presented (see CPLR 103 [c]), since at least one of the parties has standing to assert such a claim.

The bylaws of Whitehall Tenants Corp. are not ambiguous, and thus, there is no need to resort to parol evidence (see e.g. Greenfield v Philles Records, 98 NY2d 562, 569-570 [2002]). The bylaw pertaining to qualifications for those serving on the board of directors does not limit board membership to shareholders, and the resignation clause of the bylaws does not indicate the contrary. Had the authors of the bylaws intended that only shareholders serve as directors, this could easily have been included in the exclusive list of qualifications for board membership. Further, even reading the cooperative offering plan in conjunction with the bylaws (see Riggin v Balfour Owners Corp.,

137 AD2d 799, 800 [1988]), an ambiguity is not created. Thus, the motion court's determination that Schapira, Moerdler, Grunberg, Bullard and Bravmann are Whitehall's board of directors was proper.

Nevertheless, the court should have granted the second counterclaim of respondent board directors Grunberg, Bullard and Bravmann to the extent it sought an inspection of the election records, which constitute corporate records, and as such are subject, under the bylaws, to inspection by the directors of the board (see Matter of Lau v DSI Enters., 102 AD2d 794 [1984]). Although corporate counsel announced at the election that the voting would proceed by secret ballot, this is not provided for in the bylaws and did not negate the provisions in the bylaws for inspection of corporate records.

Petitioners made no showing of irreparable harm (see 67A NY Jur 2d, Injunctions § 153); thus there was no basis for issuing an injunction. We have considered the parties' remaining contentions for affirmative relief and find them without merit. Concur—Buckley, P.J., Nardelli, Gonzalez and Catterson, JJ.