■ 515 AVENUE I CORP., Appellant, v 515 AVENUE I TENANTS CORP. et al., Respondents. [844 NYS2d 79]—

In an action, inter alia, for a judgment declaring the plaintiff to be the holder of certain unsold shares of the defendant 515 Avenue I Tenants Corp., with all of the rights emanating therefrom, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated January 20, 2006, as denied that branch of its motion which was for leave to renew its prior motion for a preliminary injunction, which had been denied in an order dated June 7, 2005, on the ground that there had been a change in the law.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to CPLR 2221 (e) (2), (3), a motion for leave to renew must be "based upon new facts not offered on the prior

motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination," and the motion papers must contain a "reasonable justification for the failure to present such facts on the prior motion."

Although the Court of Appeals' reversal of the Appellate Division, First Judicial Department's decision in *Kralik v 239 E. 79th St. Owners Corp.* (5 NY3d 54, 59 [2005]), changed the general law relevant to the plaintiff's motion for a preliminary injunction, it would not change the original determination of that motion in this action. The controlling documents failed to demonstrate that the plaintiff had been designated a holder of unsold shares, with all of the rights emanating therefrom. Thus, the plaintiff failed to demonstrate a likelihood of success on the merits (*see* CPLR 6301; *Aetna Ins. Co. v Capasso*, 75 NY2d 860 [1990]; *W.T. Grant Co. v Srogi*, 52 NY2d 496 [1981]; *Price Paper & Twine Co. v Miller*, 182 AD2d 748 [1992]), and the Supreme Court properly denied that branch of its motion which was for leave to renew. Schmidt, J.P., Rivera, Krausman and Florio, JJ., concur.