■ RUBY COLE et al., Respondents-Appellants/Respondents, v 1015 CONCOURSE OWNERS CORP. et al., Appellants-Respondents/Appellants, et al., Defendant. [896 NYS2d 50]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered November 20, 2008, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint seeking, inter alia, declaratory relief, unanimously affirmed, with costs. Appeal from order (same court and Justice), entered on or about July 2, 2009, which reduced the undertaking to be posted to secure the preliminary injunction granted in the November 20, 2008 order, unanimously dismissed, without costs, as abandoned.

In 1998, defendant M 1015 G.C. purchased all the unsold co-operative shares in defendant 1015 Concourse Owners Corp., amounting to some 80% of outstanding shares, from the

sponsor's designated successor. M 1015 was itself never designated a holder of unsold shares or successor to the sponsor. Consistent with provisions in the offering plan and amendments, plaintiffs, who were tenant shareholders of most of the remaining 20% of the co-op, brought this action to compel M 1015 to, inter alia, sell the unsold shares and turn over majority control of the co-op's board of directors.

At least since 1991, the Attorney General, as promulgator of the regulations governing formation and administration of co-ops in New York, has taken the position that a bulk purchaser of unsold shares "will be deemed to be a sponsor." (*See also* 13 NYCRR 18.3 [c] [2], promulgated in November 2006, providing that if a sponsor "makes a bulk sale of all or some of its unsold shares, the transferee is bound by [the] sponsor's representation regarding its commitment to sell units as they become vacant.") The Attorney General's rational interpretation of regulations promulgated by his office is entitled to deference (*see Dunlop Dev. Corp. v Spitzer*, 26 AD3d 180, 181 [2006]). Since M 1015 indisputably acquired 80% of the co-op's shares in a bulk purchase from the sponsor's successor, it is deemed a sponsor, and thus bound by the sponsor's obligations. Furthermore, the co-op's offering plan and proprietary lease make clear that M 1015 is in fact a holder of unsold shares (*see Kralik v 239 E. 79th St. Owners Corp.*, 5 NY3d 54, 59 [2005]), even though it was never formally designated as such and has never complied with regulations governing holders of unsold shares.

Plaintiffs have shown a likelihood of success on the merits, irreparable injury in the form of potential destruction of their cooperative lifestyle, and a balancing of the equities in their favor. We have considered defendants' remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Sweeny, Freedman and Román, JJ.