Kirrane v Dunolly Gardens Owners Corp. (2019 NY Slip Op 03035)





Kirrane v Dunolly Gardens Owners Corp.


2019 NY Slip Op 03035


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-12342
 (Index No. 9422/15)

[*1]William Kirrane, appellant, 
v
Dunolly Gardens Owners Corp., respondent.


William Kirrane, Sag Harbor, NY, appellant pro se.
Novitt, Sahr & Snow, LLP, Forest Hills, NY (Seth M. Sahr of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), dated October 5, 2016. The order denied the plaintiff's motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, with costs, by deleting the provision thereof granting that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action, which sought a declaratory judgment, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the plaintiff to the defendant, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, making an appropriate declaration in accordance herewith.
The defendant is a residential cooperative corporation that owns several apartment buildings in Queens. When the buildings were converted to cooperative ownership in 1986, the shares allocated to apartment units 1G and 4D in one of the buildings (hereinafter the subject shares), among others, were retained by the sponsor, and were designated as "unsold shares" in the defendant's offering plan and other controlling documents. In 1989, the sponsor sold the subject shares to Overseas Commodities, Ltd. (hereinafter Overseas), and designated Overseas as a "holder of unsold shares." The plaintiff purchased the subject shares in 1995, and subsequently commenced this action for a judgment declaring that the subject shares continued to be "unsold shares," and for damages based on the defendant's refusal to treat the subject shares as unsold shares. The plaintiff moved for summary judgment on the complaint, and the defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion, and the plaintiff appeals.
" The relationship between the shareholder/lessee of a cooperative corporation and the corporation is determined by applying the usual rules of contract interpretation to the controlling documents, including the proprietary lease'" (North Shore Towers Apts. Inc. v Three Towers Assoc., 153 AD3d 632, 633, quoting Consolidated Resources, LLC v 210-220-230 Owner's Corp., 59 AD3d 579, 581; see Kralik v 239 E. 79th St. Owners Corp., 5 NY3d 54, 59). Here, unlike the controlling [*2]documents discussed in the authorities cited by the plaintiff (see e.g. Riggin v Balfour Owners Corp., 137 AD2d 799, 800), the defendant's controlling documents do not specify that unsold shares retain their status as unsold shares until and unless certain conditions arise. Rather, the defendant's controlling documents define an unsold share as a share owned by a holder of unsold shares, and provide three exclusive means by which a person may become a holder of unsold shares. The only means available to the plaintiff in 1995 was to be designated a holder of unsold shares by an appropriate entity and to enter into an unsold shares agreement with the defendant. The plaintiff does not contend that he was ever designated a holder of unsold shares by an appropriate entity, and in fact acknowledged in his affidavit in opposition to the defendant's cross motion that he was never designated a holder of unsold shares. Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment and granting that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action in the complaint (see 515 Ave. I Corp. v 515 Ave. I Tenants Corp., 44 AD3d 707, 708; Gandelman v 150 Burns Apt. Corp., 12 AD3d 565, 565; 210-220-230 Owners Corp. v Arancio, 24 Misc 3d 1228[A], 2009 NY Slip Op 51660[U], *10 [New Rochelle City Ct]).
However, since the first cause of action was for a declaratory judgment, the proper procedure was for the court to deny that branch of the cross motion which was for summary judgment dismissing that cause of action, and then declare the rights of the parties, whatever they may be (see Matter of Jacobs v Cartalemi, 156 AD3d 635, 640). Accordingly, we remit the matter to the Supreme Court, Queens County, for that purpose.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court