RFLP, LLC v 255 W. 98th St. Owners Corp. (2022 NY Slip Op 03354)





RFLP, LLC v 255 W. 98th St. Owners Corp.


2022 NY Slip Op 03354


Decided on May 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2022

Before: Renwick, J.P., Friedman, Gesmer, Mendez, Higgitt, JJ. 


Index No. 651102/18 Appeal No. 15992 Case No. 2021-00583 

[*1]RFLP, LLC, Plaintiff-Respondent,
v
255 West 98th Street Owners Corp., Defendant-Appellant.


Wachtel Missry LLP, New York (Dani Schwartz of counsel), for appellant.
Smith, Gambrell & Russell, LLP, New York (John G. McCarthy of counsel), for respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about August 6, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its claim for a declaration that plaintiff is the holder of unsold shares for three apartment units, and denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
By offering plan dated February 15, 1983, the original sponsor of the building offered shares for sale allocated to 33 apartments in the cooperative corporation in the building located at 255 West 98th Street in Manhattan. The 19th amendment to the offering plan disclosed that on June 26, 1997, the unsold shares held by the original sponsor were transferred to West 98 Units, LLC. By 20th amendment to the offering plan dated May 9, 2000, West 98 Units, LLC was referred to as the "New Sponsor". By stock certificate dated December 18, 2002, Plaintiff purchased from West 98 Units, LLC, and became the owner of, the shares appurtenant to apartments 3B, 5A and 8A. Although plaintiff owned the apartments, they were occupied by non-purchasing rent-controlled and rent-stabilized tenants. The 21st amendment to the offering plan dated August 1, 2005 stated that on December 18, 2002 plaintiff became the holder of unsold shares appurtenant to three apartments.
Under the offering plan, a Holder of Unsold Shares is defined as (1) the sponsor, (2) an individual designated as such by the sponsor, (3) a principal of the sponsor, (4) a person designated as a holder of unsold shares by the sponsor, (5) a nominee of the sponsor or of a principal of the sponsor who "purchases shares allocated to two or more units for resale or investment purposes and does not occupy any of the units . . ."
Paragraph 38 of the Proprietary Lease defines unsold shares in relevant part as "the shares of the lessor which were issued to the sponsor, individual(s) produced by the sponsor pursuant to the plan of cooperative organization of lessor and shares held by a purchaser who is not the sponsor, a principal of the sponsor, a nominee of the sponsor or of a principal of the sponsor who purchased from the lessor or the sponsor shares allocated to two(2) or more apartments for resale or investment purposes."
The motion court correctly determined that the offering plan and proprietary lease unambiguously confer upon plaintiff the status of a holder of unsold shares with respect to the apartments at issue (see Kralik v 239 E. 79th St. Owners Corp., 5 NY3d 54, 59 [2005]). Contrary to defendant's contention, if a buyer purchases shares allocated to two or more units for resale or investment purposes and also does not occupy any of those units, the offering plan and proprietary lease do not require that the sponsor "designate" the buyer as a holder of unsold shares. Rather, according to the language of the governing documents, the buyer must be so designated only where there [*2]is a transfer of a block of shares allocated to a single apartment. No such transfer occurred here; on the contrary, plaintiff acquired shares appurtenant to three units in the building.
Further, no intervening default or transfer outside the line of successor sponsors caused the shares to lose their character as unsold shares under the proprietary lease. Rather, plaintiff's shares flowed directly from the original sponsor through the new sponsor, so named under the 20th amendment to the offering plan (compare Rotblut v 150 E. 77th St. Corp., 79 AD3d 532, 532 [1st Dept 2010] [shares lost their unsold character because they were purchased not from a holder of unsold shares, but from trust company acting as receiver for a depository institution that acquired the apartment after a default]; Sassi-Lehner v Charlton Tenants Corp., 55 AD3d 74, 75-76 [1st Dept 2008] [proprietary lease provided that "unsold shares" lost their character as such because of intervening ownership of shares by a lender before their purchase in a foreclosure sale]). Defendant also does not deny that plaintiff fulfilled its other duties under the offering plan by registering as a broker-dealer under General Business Law § 359-e and amending the offering plan to keep it current — for example, by filing the 21st amendment, which expressly states that plaintiff is a holder of unsold shares.
Defendant also failed to demonstrate any basis for looking beyond the language of the offering plan and proprietary lease, since the governing documents contain no ambiguity (see Cole v 1015 Concourse Owners Corp., 70 AD3d 597, 598 [1st Dept 2010]). Thus, the motion court properly rejected recourse to extrinsic evidence (see W.W.W. Assoc., Inc. v Giancontieri, 77 NY2d 157, 162 [1990]).
With respect to incidental damages, a hearing is appropriate under CPLR 3001, which permits a court to render a declaratory judgment together with appropriate relief at law. Therefore, plaintiff should be permitted to demonstrate at a hearing whether defendant's refusal to recognize its unsold share status resulted in money damages.
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 24, 2022