TIAA, FSB v Kelly (2024 NY Slip Op 51042(U))

[*1]

TIAA, FSB v Kelly

2024 NY Slip Op 51042(U)

Decided on August 13, 2024

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 13, 2024
Supreme Court, Westchester County

TIAA, FSB, Plaintiff,

against
Tracy Kelly a/k/a TRACY J. KELLY; UNITED STATES OF AMERICA, and 
 "JOHN DOE", said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of the premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged Premises, Defendants.

Index No. 53320/2021

Attorney for Plaintiff: 
Margaret J. Cascino, Esq.
Hinshaw & Culbertson, LLP
800 Third Avenue, 13th floor
New York, New York 10022
(212) 471-6200
Attorneys for Defendant Tracy Kelly.: 
Christopher Thompson, Esq. 
Law Offices of Christopher Thompson
33 Davison Lane East
West Islip, New York 11795
(631)983-8830

William J. Giacomo, J.

Defendant Tracy Kelly moves, pursuant to CPLR 2221 (f) for an order granting a combined motion to renew and reargue, and upon renewal and reargument, vacating the January 2, 2024 order granting plaintiff summary judgment and dismissing plaintiff's complaint as time barred. 
Papers Considered NYSCEF DOC NO. 106-107; 114-115
1. Notice of Motion/Affirmation of Christopher Thompson, Esq.
2. Memorandum of law in Opposition
3. Affirmation of Christopher Thompson, Esq. in Reply
Factual and Procedural Background
The facts were previously set forth in these Court's decision and orders dated January 17, 2023 and January 2, 2024. See NYSCEF Doc. Nos. 68, 101. In relevant part, plaintiff previously moved for summary judgment and for an Order referring the matter to a referee to compute the amount due on the note and mortgage. Defendant Tracy Kelly opposed the motion and cross-moved to dismiss the complaint, pursuant to CPLR 3211 (a) (1) and/or for an Order granting summary judgment, pursuant to RPAPL 1304 and/or CPLR 3212. By decision and Order dated January 17, 2023, this Court denied plaintiff's motion and granted defendant's cross motion, on the grounds that plaintiff failed to comply with the strict requirements of RPAPL 1304. 
Plaintiff subsequently moved for an order granting it leave to renew and/or reargue the January 17, 2023 decision. Plaintiff based its motion to renew on a change in the law with respect to strict compliance with RPAPL 1304 notice. Defendant opposed and evidently cross-moved to dismiss, arguing, as relevant here, that plaintiff's action is time-barred. Defendant had alleged that based on the "unequivocal language in the FAPA (The Foreclosure Abuse Prevention Act)," the current action was time-barred. Defendant had also argued that the affidavit in support of plaintiff's motion ("Brown affidavit") was inadmissible. The Court denied defendant's cross motion to dismiss, as defendant did not comply with CPLR 2221 in failing to identify the cross motion as either one to renew or reargue.
By decision and order dated January 2, 2024, upon renewal, plaintiff's motion for summary judgment and for an order of reference was granted. In addition to demonstrating compliance with the notice requirement of RPAPL 1304, this Court held that plaintiff established prima facie entitlement to summary judgment on its foreclosure complaint and that defendant did not raise any material issue of fact in opposition. The Court specifically granted plaintiff's motion for summary judgment and for appointment of a referee, based on a change in the law addressing the notice requirements of RPAPL 1304. The Court held the following, in relevant part:
"This Court previously held that as strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to commencing the action, and as plaintiff included additional notices that should have been sent to defendant in a separate envelope, defendant had established prima facie entitlement to summary judgment dismissing the complaint. This was based upon the holding in Bank of America v Kessler, supra that strict compliance with RPAPL 1304 is required and that any additional notice mailed with the 90-day notice constituted a violation of the holding. . . . Since that decision, the Court of Appeals . . . reversed . . . and held that RPAPL 1304 is not a prohibition against including additional information that may assist borrowers in avoiding foreclosure as [*2]long as it is not false or misleading information. Therefore, based upon the ruling from the Court of Appeals . . . this Court grants plaintiff's motion to renew and reargue and upon reargument and renewal grants plaintiff's motion for summary judgment, based upon a change in the law that changes this Court's prior determination."
Instant Motion
Defendant now moves for leave to "reargue and renew" the January 2, 2024 order granting summary judgment, and, upon renewal, for dismissal of the foreclosure complaint. Defendant argues that the action is time barred, due to the implementation of FAPA, and that the Court erred in granting summary judgment. It explains that plaintiff's predecessor in interest had filed a prior action on April 5, 2013. The action was dismissed by order dated July 26, 2019. The instant action was filed on March 18, 2021. Defendant claims that the filing of the complaint in April 2013 constituted an acceleration of the debt and that the statute of limitations ran on April 5, 2019, six years later. Defendant also argues that the affidavit submitted in support of the summary judgment motion ("Brown affidavit"), is inadmissible. Among other arguments, defendant claims that plaintiff failed to establish standing and also failed to establish compliance with the notice requirements of RPAPL 1304. 
In opposition, among other things, plaintiff argues that any attempt to accelerate the mortgage debt through the filing of the 2013 complaint was ineffective as the court dismissed the action for failing to mail the contractual demand as required under the mortgage. Plaintiff also notes that defendant previously argued that the 2013 foreclosure complaint did not accelerate the mortgage debt and argues that defendant should now be estopped from arguing the contradictory position. DISCUSSION
Motion for Leave to Reargue
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion." See CPLR 2221 (d) (2). "[A] motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented." Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d 772, 773 (2d Dept 2019) (internal quotation marks omitted).
As discussed above, this Court concluded that plaintiff made a prima facie showing of entitlement to summary judgment on the foreclosure complaint and for an order of reference. In support of the motion to reargue, defendant repeats earlier arguments and does not demonstrate that the court overlooked or misapprehended any matter of fact or law in rendering its prior determination. Accordingly, the motion to reargue is denied. 
Motion for Leave to Renew
A motion for leave to renew must be based, in pertinent part, on "new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination." CPLR 2221 (e) (2). Although not explained at length, this Court already considered, and rejected, defendant's arguments in opposition to plaintiff's motion for summary judgment, including the application of FAPA. Nevertheless, the Court will briefly address this argument now, as defendant's cross motion was dismissed without a discussion of whether the complaint was time-barred. 
Pursuant to CPLR 213(4), an action to foreclose a mortgage is subject to a six-year statute of limitations. "Even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and payable, and the statute of limitations begins to run on the entire debt." GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916 (2d Dept 2023). It is well settled that "[a]cceleration may occur, inter alia, by the commencement of a foreclosure action." Bayview Loan Servicing, LLC v Paniagua, 207 AD3d 691, 692 (2d Dept 2022). 
The Foreclosure Abuse Prevention Act (FAPA), effective December 30, 2022, amended and codified new statutes. As pertinent here, CPLR 213(4) was amended to include paragraph (a), which provides that "[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated."
DLJ Mortgage Capital Inc., plaintiff's predecessor in interest, commenced the initial foreclosure action in 2013. See NYSCEF Doc. 88. In the answer, defendant had argued that the mortgage had not been properly accelerated. By decision and order dated July 26, 2019, the Court dismissed the 2013 action, holding that DLJ failed to establish that it satisfied either the contractual or the statutory conditions precedent to the commencement of the foreclosure action. As a result, defendant failed to establish that the debt was validly accelerated by the commencement of the 2013 action. Even applying FAPA, the mortgage debt was not accelerated in 2013 when the prior lender filed the complaint because the complaint was dismissed based on an "expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated." Under the circumstances, the purported acceleration through commencement of that action "was a nullity, and the statute of limitations did not begin to run at the time of the purported acceleration." IPA Asset Mgt., LLC v Bank of NY Mellon, 202 AD3d 1068, 1070 (2d Dept 2022). Thus, defendant has failed to establish that the current action is untimely.
Accordingly, defendant's motion to renew is denied. Even if FAPA "changed the general law . . . . it would not change the original determination of that motion in this action." 515 Ave. I Corp. v 515 Ave. I Tenants Corp., 44 AD3d 707, 708 (2d Dept 2007) (internal citation omitted). 
The Court has considered the remaining arguments and finds them to be without merit. 
Accordingly, it is hereby
ORDERED that defendant Tracy Kelly's motion, pursuant to CPLR 2221, for leave to renew and/or reargue (motion sequence no. 005), is denied in its entirety.
Dated: August 13, 2024
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.