Matter of 320 W. 87 LLC v 320 W. 87th St., Inc. (2025 NY Slip Op 07085)

Matter of 320 W. 87 LLC v 320 W. 87th St., Inc.

2025 NY Slip Op 07085

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, Shulman, Rosado, JJ. 

Index No. 654793/23 |Appeal No. 5424|Case No. 2024-05822|

[*1]In the Matter of 320 West 87 LLC, Petitioner-Respondent-Appellant,
v320 West 87th Street, Inc., Respondent-Appellant-Respondent.

Gallet Dreyer & Berkey, LLP, New York (Jerry A. Weiss of counsel), for appellant-respondent.
Smith, Gambrell & Russell, LLP, New York (John G. McCarthy of counsel), for respondent-appellant.

Order and judgment, Supreme Court, New York County (John J. Kelley, J.), entered on or about July 30, 2024, which, to the extent appealed from as limited by the briefs, granted, in part, the converted motion for summary judgment on petitioner's cause of action for declaratory relief, adjudging and declaring that petitioner is a holder of unsold shares and as such is exempt from paying a transfer fee or flip tax, seeking approval from the Cooperative for each sublease and renewal of each sublease, paying sublet fees, obtaining approval from the Cooperative for apartment renovations except as otherwise required where building systems are involved, and complying with any other procedural rules or restrictions applicable only to tenant-shareholders and not applicable to holders of unsold shares, which in effect denied petitioner's request for a permanent injunction enjoining respondent from imposing any requirements or conditions upon it from which it is exempt by virtue of its status as a holder of unsold shares, denied petitioner's request for money damages, and denied respondent's converted cross-motion for summary judgment declaring that petitioner is not a holder of unsold shares and is subject to conditions and requirements applicable to tenant-shareholders, unanimously modified, on the law, to the extent of striking from the declaration the building systems renovations exception to petitioner's general exemption as a holder of unsold shares from the requirement to obtain approval of the Cooperative for renovations, granting the permanent injunction enjoining respondent from interfering with petitioner's rights attendant to its holder of unsold shares status, and clarifying that the denial of petitioner's request for money damages is without prejudice to petitioner seeking them in a related action, and otherwise affirmed, without costs.
Whether a party is a holder of unsold shares (HUS) for a cooperative is determined based upon "the terms of the documents defining their contractual relationship with the cooperative corporation" (Kralik v 239 E. 79th St. Owners Corp., 5 NY3d 54, 57 [2005]). Here, contrary to petitioner's contention, the language of the governing documents does not unambiguously provide that an HUS may transfer unsold shares to another entity such that the other entity may qualify as an HUS.
However, parties may waive or modify provisions of the governing documents, including any prohibition on the transfer of unsold shares to another entity (see generally Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]), which the parties did here as established by the evidence in the record. Thus, petitioner met its burden on summary judgment as to its HUS status. In opposition, the Cooperative failed to rebut petitioner's evidence with evidence of its own.
The evidence in the record, particularly the minutes of the October 2021 annual shareholder meeting and notices to the shareholders, indicate that the Cooperative and petitioner each treated petitioner as a sponsor and thus as an HUS (see RFLP, LLC v 255 W. 98th St. Owners Corp., 205 AD3d 594, 596 [1st Dept 2022]; see also Cole v 1015 Concourse Owners Corp., 70 AD3d 597, 598 [1st Dept 2010]). Additionally, petitioner's principal verified the converted complaint, which asserted that the Cooperative was aware that petitioner was purchasing the shares as an HUS, offered petitioner the two seats on the board formerly held by the sponsor, and permitted petitioner to act as an HUS for nearly two years by failing to object to its non-payment of typical shareholder fees or to its renovations and sublets which were conducted without first obtaining board approval. Moreover, petitioner never occupied the corresponding apartments, which would have extinguished its HUS status pursuant to the governing documents.
Although petitioner concedes that the proprietary lease contained a "no-waiver" provision, the record establishes that the Cooperative waived the no-waiver provision by actively treating petitioner as an HUS for a continuous and extended period (see Kenyon & Kenyon v Logany, LLC, 33 AD3d 538, 539 [1st Dept 2006]).
In light of the foregoing, and based on the governing documents, Supreme Court's order should be modified accordingly (see generally Sakele Bros. v Safdie, 302
AD2d 20, 27-28 [1st Dept 2002]; Matter of Blum v Pathstone Corp., 172 AD3d 1679, 1681-1682 [3d Dept 2019]).
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025