■ MICHAEL MORELLI et al., Respondents-Appellants, v WEIDER NUTRITION GROUP, INC., et al., Appellants-Respondents. [712 NYS2d 551] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about November 18, 1999, which, to the extent appealed and cross-appealed from, denied those branches of defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a cause of action, but granted defendants' motion to dismiss the complaint as time-barred to the limited extent of holding that the applicable limitations period was three years and, accordingly, that any of plaintiffs' claims accruing prior to March 23, 1996 were time-barred, unanimously affirmed, without costs.

Plaintiffs have brought this action to recover pursuant to General Business Law §§ 349 and 350 for certain alleged misrepresentations by defendants respecting the nutritional contents of their sports nutrition product known as "Power Bar". Contrary to defendants' arguments, plaintiffs' General Business Law claims are not preempted by the Federal Nutritional Labeling and Education Act ([NLEA] 21 USC § 343 [q]). The sections of the General Business Law relied upon by plaintiffs do not conflict with the NLEA's preemptive provision (21 USC § 343-1 [a]), which bars States from enacting requirements for food in interstate commerce that are not identical to those prescribed in the NLEA. Indeed, General Business Law § 349 (d) specifically excludes from the statute's remedial ambit any act or practice subject to and in compliance with Federal rules, regulations or statutes. Plaintiffs' General Business Law claims then remain viable because defendants' alleged misconduct was not violative of the Federal standards set forth in the NLEA. In seeking redress for the alleged misconduct, plaintiffs do not seek, directly or indirectly, to impose liability for conduct sanctioned by the NLEA. That plaintiffs' remedial objectives are entirely consistent with the NLEA does not, however, render their action one to enforce the NLEA per se, which kind of action may only be instituted by the Federal Government, or by the States with Federal permission (21 USC § 337). Plaintiffs do not seek relief for violations of the NLEA, but for specific alleged violations of State statutes barring deceptive and misleading business practices in New York State. We perceive no reason to suppose that, in committing the power to enforce the NLEA to the Federal Govern-

ment, Congress intended to limit a State's otherwise undoubted power to afford consumers within its borders a statutory remedy for injuries caused by knowingly deceptive and misleading business practices where, as here, such remedy in no way interferes with the Federal prerogative to promulgate and enforce uniform food labeling standards.

Plaintiffs' arguments on their cross appeal that their General Business Law § 349 claims are governed by the six-year Statute of Limitations are without merit. Claims pursuant to General Business Law § 349 are governed by the three-year limitation period set forth in CPLR 214 (2) (*Cole v Equitable Life Assur. Socy.*, 271 AD2d 271, 272; *Avdon Capitol Corp. v Nationwide Mut. Fire Ins. Co.*, 240 AD2d 353). Claims for fraud and those brought pursuant to Executive Law § 63 (12), governed by a six-year limitation period, are distinguishable from those brought pursuant to General Business Law § 349 (*see, Gaidon v Guardian Life Ins. Co.*, 94 NY2d 330, 350; *State of New York v Princess Prestige Co.*, 42 NY2d 104).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Williams, J. P., Tom, Lerner, Andrias and Friedman, JJ.