■ ALL THE WAY EAST FOURTH ST. BLOCK ASSOCIATION et al., Appellants, v RYAN-NENA COMMUNITY HEALTH CENTER et al., Respondents. [817 NYS2d 14]—

Order and judgment (one paper), Supreme Court, New York County (Walter B. Tolub, J.), entered October 7, 2005, which denied plaintiffs' motion for a declaration that they held absolute title in fee simple to property known as the East Third Street side of the Orchard Alley Community Garden, denied plaintiffs' motion for preliminary and permanent injunctive relief, granted defendants' cross motion to dismiss the complaint and for an order of ejectment, and awarded defendants full and exclusive use and possession of the subject property, unanimously affirmed, without costs.

Dismissal of the complaint on the grounds of vague, conclusory and unsubstantiated allegations was warranted (*see Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435 [1988]). "[M]ere occupancy for an extended period of years coupled with open conduct consistent with ownership, but absent an initial claim of right," may not ripen into ownership by adverse possession (*see Joseph v Whitcombe*, 279 AD2d 122, 124 [2001]). Defendants demonstrated that plaintiffs did not enter into occupancy of the lot under claim of right. Plaintiffs' claim of a prescriptive easement was also properly dismissed. While entry under a claim of right for a prescriptive easement might be presumed, the presumption herein was defeated. The claimed prescriptive right to use the lot as a community garden would constitute a taking inconsistent with an easement (*see Di Leo v Pecksto Holding Corp.*, 304 NY 505, 512 [1952]).

We have considered plaintiffs' remaining arguments and find them without merit. Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and McGuire, JJ. [*See* 9 Misc 3d 1122(A), 2005 NY Slip Op 51743(U).]