(February 6, 2007)

■ WILLIAM B. KEENA et al., Appellants, v HUDMOR CORP., Respondent. [829 NYS2d 471]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered July 11, 2006, which denied plaintiffs' motion for summary judgment and granted summary judgment in favor of defendant, unanimously modified, on the law, summary judgment denied to defendant, the complaint reinstated, and otherwise affirmed, without costs.

Plaintiffs are the fee simple owners of two adjacent and contiguous parcels of improved real property in Manhattan known as 449 and 449$^1$/$_2$ Hudson Street. Plaintiffs acquired title to number 449 in 2000 by deed from Stephen J. Blauner and Kenneth G. Shelley, who had obtained title in 1983 from Hudson Street Landmark Associates. Plaintiffs took title to number 449$^1$/$_2$ in 1997 by deed from Mark C. and Karyn L. Pappas, who had acquired title in 1994 from Anne Helen Hess. The property dimensions of each parcel as contained in their respective deeds are 12 feet, 6 inches wide and 59 feet, 1$^3$/$_4$ inches deep.

Defendant became the fee simple owner of 447 Hudson Street in 1999. This parcel runs contiguously along the full depth of number 449, and beyond, for a total of 100 feet, and then forms an "L" behind the combined 23-foot width of numbers 449 and 449$^1$/$_2$, and beyond, for a total width of 75 feet. At issue is a strip, consisting of two identical sections along the back of numbers 449 and 449$^1$/$_2$, each 12 feet, 6 inches wide and 8 feet, 1$^3$/$_4$ inches deep, which were within the legal description of defendant's deed, but which were being used by plaintiffs and their respective predecessors in title.

Plaintiffs commenced this action seeking a declaration that they were the owners of these subparcels. They moved for summary judgment, alleging that upon taking title to numbers 449 and 449$^1$/$_2$ in 2000 and 1997, respectively, they actually possessed the two subparcels in question in an open, hostile, continuous and exclusive manner, as did their predecessors in title since 1983 and 1994, respectively. Moreover, plaintiffs alleged that these subparcels were enclosed by a fence at all times when they and their predecessors in title claimed possession of the property. The disputed property was, according to plaintiffs,

used by them and their predecessors for the placement of lawn furniture, a barbeque, hot tub, plants, flowers, storage of firewood, and the placement of wood decking and a lattice along the fencing. Plaintiffs further alleged that for a period in excess of 10 years, the sole means of access to the disputed parcel was through the residence on plaintiffs' property. In further support of their motion, plaintiffs submitted a 1985 property survey showing the disputed parcel as enclosed within plaintiffs' properties. Broker advertisements marketed plaintiffs' properties as including these subparcels.

Stephen Blauner and Mark Pappas submitted substantially identical affidavits in support of plaintiffs' motion. They stated that during the entire time period in which they held title to their respective Hudson Street parcels, the fence enclosing the disputed parcel was in place and remained so when they sold those properties to plaintiffs. They further stated that they controlled and improved the disputed parcel, and no steps were taken by the entity that owned the property beyond the fence to challenge their actions. Both affidavits identically state that their respective "use of the now disputed property was adverse, open, notorious, exclusive and uninterrupted."

Defendant's opposition papers pointed out that the deeds to plaintiffs and their predecessors did not contain the disputed property, either by metes and bounds description or by lot dimensions. Moreover, defendant contends that the Blauner and Pappas affidavits do not specifically claim prior ownership of the disputed parcels, or that they conveyed such ownership to plaintiffs.

In denying plaintiffs' motion, the court found, inter alia, that neither of plaintiffs' predecessors in title stated they exercised control of the disputed parcels under a claim of right, paid taxes on the disputed parcels, or erected the fence. Since it was not shown that the predecessors in title had adversely possessed the disputed parcels, plaintiffs could not rely on the prior ownership to tack that time onto their own ownership to meet the 10-year statutory requirement. The court exercised its power to search the record, and, finding no essential facts in dispute, granted summary judgment to defendant.

In order to prevail on a claim of title by adverse possession, the adverse possessor must demonstrate, by clear and convincing evidence, that the character of the possession is "hostile and under claim of right, actual, open and notorious, exclusive and continuous" for the statutory period of 10 years (*Brand v Prince*, 35 NY2d 634, 636 [1974]). Moreover, "all constituent elements must be proved, with the burden resting on the adverse

claimant, with the adverse possessor's acts construed against him, and every inference in favor of a possession that is subordinate to the title of the true owner" (*Joseph v Whitcombe*, 279 AD2d 122, 125 [2001]).

The role of the court on a summary judgment motion is to determine whether issues of fact exist, not to determine credibility or draw inference from the proof submitted (*Ferrante v American Lung Assn.*, 90 NY2d 623 [1997]). Here, in searching the record, the court drew negative inferences from the affidavits of the prior owners as to those matters concerning payment of taxes, use of the disputed property, etc. These questions impact on whether the prior owners did enter upon the premises under a claim of right, rightfully or wrongfully, and whether they intended to convey the disputed parcel to plaintiffs. These issues, as well as the question of plaintiffs' knowledge of ownership of the disputed parcels, are questions of fact which should be determined at trial.

We have previously held that mere " 'occupancy for an extended period of years coupled with open conduct consistent with ownership, but absent an initial claim of right,' may not ripen into ownership by adverse possession" (*All the Way E. Fourth St. Block Assn. v Ryan-NENA Community Health Ctr.*, 30 AD3d 182, 182 [2006], *lv denied* 7 NY3d 713 [2006], quoting *Joseph*, 279 AD2d at 124). The existence of issues of fact on this critical element precludes the grant of summary relief. Concur—Sullivan, J.P., Williams, Sweeny, Catterson and Malone, JJ.