■ LJ Kings, LLC, Respondent, v Woodstock Owners Corp. et al., Appellants. [848 NYS2d 42]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered March 1, 2006, which, in a declaratory judgment action involving plaintiff's status as a holder of unsold shares in defendant cooperative, granted plaintiff's motion for a preliminary injunction enjoining the cooperative and defendant managing agent from terminating plaintiff's proprietary lease, unanimously affirmed, without costs.

There being no dispute that plaintiff purchased its shares from a designated holder of unsold shares, that no bona fide purchaser has purchased the apartment for occupancy, and that neither plaintiff nor any immediate family member ever occupied the apartment, plaintiff is clearly a holder of unsold shares under the controlling documents, i.e., the offering plan and proprietary lease, notwithstanding any noncompliance with Martin Act requirements applicable to holders of unsold shares (*see Kralik v 239 E. 79th St. Owners Corp.*, 5 NY3d 54, 59 [2005]). A closer question is whether plaintiff waived or forfeited its rights as a holder of unsold shares by signing agreements at the closing acknowledging that it could not sublet without the Board's written consent. It appears that at the time of the closing, the apartment was occupied by a subtenant under a sublease with plaintiff's seller that was due to expire in 10 months; that nine months after the closing, defendants began sending plaintiff bills for monthly sublet fees retroactive to the closing; and that plaintiff renewed the sublease without the Board's consent. While holders of unsold shares are exempt from having to obtain the Board's consent to sublet, and while the closing agreements appear to waive that exemption, that exemption is not the full extent of such holders' rights. Under the offering plan, holders of unsold shares are also exempt from having to pay sublet fees as well as from sale and transfer restrictions and fees. Nothing in the closing agreements suggests that plaintiff was waiving these other rights. Thus, even if plaintiff did waive the consent exemption and breached the proprietary lease provision requiring the Board's consent to subletting, questions are raised as to whether such waiver extended to these other rights and, if not, whether such breach was sufficiently material to warrant forfeiture of the lease. Given these uncertainties, and as the equities tend to balance in plaintiff's favor, the preliminary injunction was properly granted. The

foregoing is not to be understood as a finding that plaintiff breached the consent-to-sublet provision of the lease. Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.