■ HELEN LIKOKAS et al., Respondents, v 200 EAST 36TH STREET CORP., Appellant. [850 NYS2d 451]—

Order, Supreme Court, New York County (Louis B. York, J.), entered June 27, 2006, which, upon the parties' respective motions for summary judgment, declared that plaintiffs are holders of unsold shares in defendant cooperative, and permanently enjoined defendant from interfering with plaintiffs' rights attendant to such status, unanimously affirmed, with costs.

The motion court correctly found plaintiffs to be "holders of

unsold shares" within the meaning of the controlling documents (*see Kralik v 239 E. 79th St. Owners Corp.*, 5 NY3d 54 [2005]), namely, the offering plan and paragraph 38 of the proprietary lease. As required, plaintiffs were financially responsible individuals who, as the sponsor's grantees, entered into a proprietary lease with defendant for the subject apartment, which had not been sold as of the designated closing date. Notably, correspondence from defendant's managing agent 17 months after the transfer to plaintiffs, as well as from the sponsor's principal at the time of the transfer, confirmed that the shares allocated to the apartment were "unsold shares" within the meaning of the pertinent documents. Defendant's argument that these letters were mistaken is unsupported by any explanation from either of the authors of the two letters. Nor does defendant come forward with an explanation from the sponsor why the transfer to plaintiffs was not disclosed in amendments to the offering plan prepared by the sponsor that, according to defendant, should have contained such disclosure. Plaintiffs fit squarely within the definition of a "holder of unsold shares" and their status as such should not be prejudiced by any failure on the part of the sponsor to make some disclosure that was required some 15 years before such status was first challenged by defendant. Notably, the amendments relied on by defendant predate its managing agent's letter confirming plaintiffs' status as holders of unsold shares. As holders of unsold shares, plaintiffs are expressly exempt from defendant's subletting fees and the requirement that defendant consent to any subletting. There being no cross appeal by plaintiffs, we decline to consider their claim that they are entitled to an award of attorneys' fees. Concur—Andrias, J.P., Nardelli, Williams, McGuire and Acosta, JJ.