■ 457 MADISON AVENUE CORP., Respondent, v LEDERER DE PARIS, INC., Also Known as LEDERER DE PARIS FIFTH AVENUE, INC., et al., Appellants. [859 NYS2d 135]—

Order and judgment (one paper), Supreme Court, New York County (Marylin G. Diamond, J.), entered January 12, 2007, declaring that defendant subtenant was not entitled to exercise its option to extend the term of its sublease with plaintiff net lessee, and awarding damages in favor of plaintiff and against the subtenant and its guarantors, the individual defendants, of $2,112,771.05, representing fixed rent due, additional rent due in the form of real estate tax escalations, operating expense escalations and late charges, and attorneys' fees, unanimously affirmed, with costs.

The motion court correctly held that the unambiguous no-waiver clause in the sublease eliminated any issues of fact as to whether plaintiff waived its right to the annual increase in fixed rent by not demanding payment thereof for the first five months of the rent year in question (*see Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y.*, 61 NY2d 442, 446 [1984]; *Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave.*, 1 AD3d 65, 70 [2003], *lv dismissed* 2 NY3d 794 [2004] [distinguishing *Simon & Son Upholstery v 601 W. Assoc.*, 268 AD2d 359 (2000)]). As defendants were in default under the sublease at the time they exercised the sublease renewal option, they were precluded from exercising such option under the terms of the renewal provision. We have considered defendants' other arguments and find them unavailing. Concur—Lippman, P.J., Tom, Gonzalez, Buckley and Renwick, JJ.