■ Katsam Holdings LLC, Respondent, v 419 West 55th Street Corporation, Appellant, et al., Defendant. [870 NYS2d 324]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered July 5, 2007, which, inter alia, denied defendant-appellant cooperative's cross motion to dismiss the complaint, and order and judgment (one paper), same court and Justice, entered July 16, 2008, which, upon the parties' respective motions for summary judgment, inter alia, declared plaintiff to be a holder of unsold shares (HUS) entitled to make alterations to and use the subject unit as a veterinary clinic without the coop's consent, enjoined the coop to sign the documents necessary to obtain a certificate of occupancy for the subject unit, otherwise enjoined the coop not to interfere with plaintiff's rights as a HUS, and reformed the proprietary lease to the unit insofar as it prohibits commercial use of the unit or requires the coop's consent to commercial use, unanimously affirmed, with one bill of costs.

Defendant-respondent sponsor's offering plan for the conversion designated the lower level of the building for commercial use, and the plan's bylaws permitted any legal use of the subject basement unit with the exception of defined "adult" uses. The plan also provided that the sponsor could designate a HUS, and that a HUS had the right to make alterations to a unit without the coop's consent. Plaintiff's assignor entered into a contract with the sponsor to buy the basement unit for use as a veterinary clinic. The contract provided that residential use of the basement was not permitted, that the sale was subject to the coop's consent to alterations for use as a veterinary clinic, and that if such consent was not given within 60 days for any reason other than assignor's bad faith, the sponsor would designate plaintiff a HUS. Plaintiff was so designated at the closing, the coop having refused to consider plaintiff's proposed alterations prior to the closing, and the sponsor thereafter filed an amendment to the plan confirming plaintiff's status as a HUS. The proprietary lease signed by plaintiff at the closing, however, prohibited occupancy or use of the unit for any purpose other than as a private dwelling or the making of alterations without the coop's prior written consent. Thereafter, the coop

considered plaintiff's proposed alterations but made numerous demands conditioning its consent, and refused to sign the application necessary to obtain a permanent certificate of occupancy.

In view of the plan (*see Likokas v 200 E. 36th St. Corp.*, 48 AD3d 245 [2008]), which is binding on the coop as a contract (*cf. 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153-154 [2002]), the court correctly found plaintiff to be a HUS entitled to use the unit as a veterinary clinic, and to make alterations for such use, without the coop's consent. The lease provisions to the contrary were clearly due to a mutual mistake—using a residential rather than a commercial lease form—and the lease was accordingly properly reformed so as to conform with the plan (*see Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]); indeed, it appears that the subject unit is unsuitable for residential use (*see 1414 APF, LLC v Deer Stags, Inc.*, 39 AD3d 329, 331 [2007]). It does not avail the coop that the sponsor failed to guarantee plaintiff's obligations as required by the lease and plan, since neither the lease nor plan required that the guaranty be separate from the HUS designation. Under the plan, a HUS designation carries with it the sponsor's financial guarantee. Moreover, the plan amendment designating plaintiff a HUS expressly noted the guarantee. We have reviewed the coop's other arguments and find them without merit. Concur—Mazzarelli, J.P., Saxe, Friedman, Acosta and DeGrasse, JJ. [*See* 2007 NY Slip Op 32095(U).]