■ WILLIAM D. ROTBLUT et al., Appellants, v 150 EAST 77TH STREET CORP., Respondent. [914 NYS2d 22]—

Order, Supreme Court, New York County (Louis B. York, J.), entered June 17, 2009, which denied plaintiffs' motion for summary judgment declaring them holders of unsold shares in defendant corporation and granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendant's motion and to declare that plaintiffs are not holders of unsold shares, and otherwise affirmed, without costs.

Plaintiffs failed to demonstrate that they are holders of unsold shares in the corporation under the controlling documents, i.e., the offering plan, amendments to the plan, and proprietary lease (*see Kralik v 239 E. 79th St. Owners Corp.*, 5 NY3d 54 [2005]). The fact that the offering plan at issue, unlike the offering plan in *Sassi-Lehner v Charlton Tenants Corp.* (55 AD3d 74 [2008]), did not contain the term "designated by" the sponsor is of no moment, since plaintiffs failed to establish that the shares and proprietary lease at issue were transferred from an original purchaser of unsold shares (*see e.g. LJ Kings, LLC v Woodstock Owners Corp.*, 46 AD3d 321 [2007]). Plaintiffs purchased the subject apartment, 11 years after the conversion, from a trust company acting as receiver for a depository institution that acquired the apartment after a default, and they offered no evidence that the original, defaulting, purchaser was "produced" by the sponsor (*see Sassi-Lehner*, 55 AD3d at 77; *compare Katsam Holdings LLC v 419 W. 55th St. Corp.*, 58 AD3d 444 [2009]; *Likokas v 200 E. 36th St. Corp.*, 48 AD3d 245 [2008]). Indeed, pursuant to the contract of sale, plaintiffs acknowledged that the trust company was not the sponsor or acting on behalf of the sponsor.

In light of the "no waiver" provision of the proprietary lease, plaintiffs failed to demonstrate that defendant waived its right to declare that plaintiffs were not holders of unsold shares by

agreeing that consent to certain acts was not required or that certain fees need not be paid (*see Excel Graphics Tech. v CFG/ AGSCB 75 Ninth Ave.*, 1 AD3d 65, 69-70 [2003], *lv dismissed* 2 NY3d 794 [2004]). Nor did plaintiffs establish the elements of equitable estoppel or detrimental reliance (*see BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 853 [1985]), since the cooperative made no representations at the time of sale and expressly required plaintiffs to make all necessary investigations. Moreover, plaintiffs' own correspondence suggests that they knew their status as holders of unsold shares was questionable.

Upon finding that plaintiffs were not entitled to the declaration they sought, the court erred in granting defendant's motion for summary judgment dismissing the complaint; it should have declared that plaintiffs were not holders of unsold shares (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Rockland Light & Power Co. v City of New York*, 289 NY 45, 51 [1942]). Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Román, JJ. **[Prior Case History: 2009 NY Slip Op 31320(U).]**