Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered November 8, 2011, which denied plaintiffs motion for summary judgment on his first cause of action for a declaration that he is entitled to terminate defendants’ membership interests, unanimously reversed, on the law, with costs, the motion granted, and it is so declared.
In this dispute among members of a limited liability company (LLC), plaintiff seeks to have defendants declared in breach of the operating agreement based on their failure to make mortgage payments for more than one year on the LLC’s sole asset and to invoke the remedies of either forfeiture or diminution of their interests. In light of the circumstances in which it was executed and the reasonable expectations of the parties, the operating agreement unambiguously entitles plaintiff to invoke these remedies. The language in the agreement tracks the authorizing provision of Limited Liability Company Law § 502 (c) as a penalty for defendants’ failure to make “any required contribution” (see Greenfield v Philles Records, 98 NY2d 562, 569-570 [2002]; Goldman Sachs Group, Inc. v Almah LLC, 85 AD3d 424, 426-427 [2011], lv dismissed 18 NY3d 877 [2012]). The penalties under the negotiated agreement would not effect a forfeiture (see generally 1029 Sixth v Riniv Corp., 9 AD3d 142 [2004], appeal dismissed 4 NY3d 795 [2005]).
*447 There is no merit to defendants’ waiver and estoppel arguments in view of the “no waiver” provision in the operating agreement and their failure to show detrimental reliance on anything plaintiff said or did (see Rotblut v 150 E. 77th St. Corp., 79 AD3d 532 [2010]). Nor is there an implied right to cure defaults under the operating agreement (see Fesseha v TD Waterhouse Inv. Servs., 193 Misc 2d 253, 255 [2002], affd 305 AD2d 268 [2003]). Concur — Gonzalez, P.J., Friedman, Renwick, Manzanet-Daniels and Roman, JJ.