■ CARA GOLDENBERG, Appellant, v 425 PARK-SOUTH TOWER CORPORATION et al., Respondents, et al., Defendants. (And a Third-Party Action.) [55 NYS3d 44]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered November 1, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment as to liability on the second cause of action (breach of a proprietary lease) and dismissing the counterclaim for a declaration that plaintiff is solely responsible for all repairs related to non-original plumbing in the subject apartment, and granted defendants 425 Park-South Tower Corporation and Goodman Management Co., Inc.'s cross motion for summary judgment dismissing the second cause of action, unanimously affirmed, without costs.

Plaintiff's proprietary lease provides that the lessor "shall not be required to repair or replace, or cause to be repaired or replaced, equipment, fixtures, furniture, furnishings or decorations installed by [plaintiff] or any previous proprietary lessee of the leased space." In addition, it provides that plaintiff "shall be solely responsible for the maintenance, repair, and replacement of plumbing, gas and heating fixtures and equipment." The lease is unambiguous on its face and must be enforced according to the plain meaning of its terms (*see Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]). Contrary to plaintiff's contention, there is no ambiguity as to whether "gas, steam, water or other pipes or conduits within the walls, ceilings or floors or heating equipment which is part of the standard building equipment," for which the lease places the responsibility for maintenance, repair, and replacement on the lessor, includes the fixtures or equipment installed by the previous proprietary lessee.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Acosta, P.J., Renwick, Richter, Feinman and Webber, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYSON HINES, Appellant. [53 NYS3d 830]—An appeal having been taken to this Court by the above-named appellant from judgments of the Supreme Court, New York County (Edward McLaughlin, J.), rendered December 19, 2003, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgments so appealed from be and the same are hereby affirmed. Concur—Acosta, P.J., Renwick, Richter, Feinman and Webber, JJ.