In an action, inter alia, to recover damages for breach of a commercial lease, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Minihan, J.), dated January 15, 2015, as, in effect, granted the plaintiff’s motion for summary judgment on the complaint and denied their cross motion for summary judgment on their counterclaims for, among other things, a judgment declaring that the parties had modified the lease.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 The plaintiff commenced this action to recover damages for breach of a commercial lease between it, as landlord, and the defendant Manzo’s Furniture City, Inc. (hereinafter the tenant), and sought to recover on the defendant Peter Manzo’s guaranty of the obligations of the tenant under that lease (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In support of its motion for summary judgment, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the complaint. In opposition, the defendants failed to raise a triable issue of fact as to whether the parties orally modified the lease, which contained a no-oral-modification clause (see Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d 413, 427 [2013]; Joseph P. Day Realty Corp. v Lawrence Assoc., 270 AD2d 140, 142 [2000]). In addition, the defendants failed to raise a triable issue of fact as to whether there was a failure of consideration (cf. H.B.A. Realty Co. v Miller, 14 AD2d 607, 607 [1961]), a breach of the covenant of good faith (see 1357 Tarrytown Rd. Auto, LLC v Granite Props., LLC, 142 AD3d 976, 977 [2016]), or a fraudulent concealment by the plaintiff (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]).
 

 The defendants also failed to establish entitlement to summary judgment on their counterclaims.
 

 Accordingly, the Supreme Court properly, in effect, granted the plaintiff’s motion for summary judgment on the complaint and denied the defendants’ cross motion for summary judgment on their counterclaims.
 

 Rivera, J.P., Chambers, Duffy and Iannacci, JJ., concur.