Fairmont Tenants Corp. v Braff (2018 NY Slip Op 04083)





Fairmont Tenants Corp. v Braff


2018 NY Slip Op 04083


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Kapnick, Singh, JJ.


6796 152489/15

[*1]Fairmont Tenants Corp., Plaintiff-Respondent,
v
Michael Braff, Defendant-Appellant, Gladys Wanich, Defendant.


Michael Braff, New York, appellant pro se.
Boyd Richards Parker Colonnelli, P.L., New York (Jennifer L. Stewart of counsel), for respondent.



Order, Supreme Court, New York County (Melissa Crane, J.), entered on or about October 10, 2017, which granted plaintiff coop's motion for summary judgment, denied defendant Braff's motion for summary judgment, and declared that plaintiff has right, title, and interest to the roof adjacent to apartments 2F and 2G, and enjoined defendants from occupying or using that space, unanimously affirmed, with costs.
There are no issues of fact requiring a trial. The proprietary lease defines the apartment as "the rooms in the building as partitioned on the date of the execution of this lease designated by the above-stated apartment number, together with their appurtenances and fixtures and any closets, terraces, balconies, roof, or portion thereof outside of said partitioned rooms, which are allocated exclusively to the occupant of the apartment" (emphasis added). This clause is ambiguous because it is unclear from the lease whether the disputed roof area has been exclusively assigned to defendants. As such, the court properly looked to extrinsic evidence, including the offering plan
(see South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 277-278 [2005]), which is a "controlling document" that gives the proprietary lease meaning (see Sassi-Lehner v Charlton Tenants Corp., 55 AD3d 74, 78-79 [1st Dept 2008]; see also Rotblut v 150 E. 77th St. Corp., 79 AD3d 532, 532 [1st Dept 2010]; Prospect Owners Corp. v Sandmeyer, 62 AD3d 601, 603 [1st Dept 2009], lv denied 13 NY3d 717 [2010]; 1050 Fifth Ave. v May, 247 AD2d 243, 243 [1st Dept 1998]). The offering plan makes clear that there is no outdoor space allocated exclusively to defendants' apartment.
Supreme Court also properly granted plaintiff summary judgment dismissing defendants' waiver defense and counterclaim. Paragraph 26 of the lease addresses "facilities outside the apartment," and under this provision, the Coop has a revocable license to that area (see Prospect Owners, 62 AD3d at 602). Further, the coop's knowledge of defendants' use of the roof space does not raise issues of fact regarding the coop's waiver of a right under the lease in light of an unambiguous no waiver clause (see 457 Madison Ave. Corp. v Lederer De Paris, Inc., 51 AD3d 579 [1st Dept 2008]; Rotblut, 79 AD3d at 532-533).
Supreme Court also properly dismissed defendants' adverse possession defense and counterclaim. It is undisputed that defendants have permitted workmen on the roof at issue in 2015, and that they have given access to the roof space to building staff from time to time. Accordingly, the court properly found that defendants' use of the roof space was not "exclusive" for any period of time prior to 2015 (Keena v Hudmor Corp., 37 AD3d 172, 173-174 [1st Dept 2007]; see Brand v Prince, 35 NY2d 634, 636 [1974]).
Finally, defendants' continued trespassing on the roof space entitles the coop to injunctive relief as the irreparable injury is the interference with the coop's property rights (see Long Is. Gynecological Servs. v Murphy, 298 AD2d 504, 504 [2d Dept 2002]; see also 1050 Fifth Ave., 247 AD2d at 243).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK