Wynkoop v 622A President St. Owners Corp. (2019 NY Slip Op 01452)





Wynkoop v 622A President St. Owners Corp.


2019 NY Slip Op 01452


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-05842
2016-11142
 (Index No. 507156/13)

[*1]Brett Wynkoop, et al., appellants, 
v
622A President Street Owners Corp., et al., respondents.


Brett E. Wynkoop and Kathleen Keske, Brooklyn, NY, appellants pro se.
Mandel Bhandari, LLP, New York, NY (Rishi Bhandari and Donald Conklin of counsel), for respondents Kyle Taylor, Hilary Taylor, and Rajeev Subramanyam.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, and for injunctive relief, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated April 11, 2016, and (2) an order of the same court dated July 25, 2016. The order dated April 11, 2016, denied the plaintiffs' motion for leave to renew their opposition to a motion of the defendants Kyle Taylor and Rajeev Subramanyam to confirm a referee's report, and granted the motion of the defendants Kyle Taylor, Hilary Taylor, and Rajeev Subramanyam to impose sanctions upon the plaintiffs. The order dated July 25, 2016, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment dismissing the counterclaims asserted by the defendants Kyle Taylor, Hilary Taylor, and Rajeev Subramanyam, and to vacate a preliminary injunction against them.
ORDERED that the order dated April 11, 2016, is affirmed, without costs or disbursements; and it is further,
ORDERED that the order dated July 25, 2016, is modified, on the law and the facts, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment dismissing the counterclaims alleging breach of contract based on the improper use or occupancy of the building cellar, and substituting therefor a provision granting that branch of the plaintiffs' motion; as so modified, the order dated July 25, 2016, is affirmed insofar as appealed from, without costs or disbursements.
This action involves a dispute over the management of the defendant 622A President Street Owners Corp. (hereinafter the corporation). By order dated September 15, 2015, the Supreme Court granted the motion of the defendants Kyle Taylor and Rajeev Subramanyam to confirm a referee's report regarding a shareholders' election of a board of directors, which was supervised by the referee. By order dated April 11, 2016, the court denied the plaintiffs' motion for leave to renew their opposition to the motion to confirm the referee's report, and granted the motion of the defendants Kyle Taylor, Hilary Taylor, and Rajeev Subramanyam (hereinafter collectively the individual defendants) to impose sanctions on the plaintiffs. By order dated July 25, 2016, the Supreme Court, inter alia, denied those branches of the plaintiffs' motion which were for summary [*2]judgment dismissing the counterclaims asserted by the individual defendants and to vacate a preliminary injunction against them.
We agree with the Supreme Court's denial of the plaintiffs' motion for leave to renew their opposition to the individual defendants' motion to confirm the referee's report. In support of their motion, the plaintiffs did not submit any newly-discovered facts or evidence that would have changed the prior determination (see CPLR 2221[e]; Union Temple of Brooklyn v Seventeen Dev., LLC, 162 AD3d 710, 713; Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 157 AD3d 852, 853). Further, the court providently exercised its discretion in granting the individual defendants' motion to impose sanctions on the plaintiffs in connection with their motion for leave to renew (see 22 NYCRR § 130-1.1[c]; Pathak v Shukla, 164 AD3d 687; Kucker v Kaminsky & Rich, 7 AD3d 491).
Contrary to the individual defendants' contention, the plaintiffs' motion for summary judgment dismissing the their counterclaims did not constitute an improper successive motion for summary judgment, as the plaintiffs' prior motion was to dismiss the counterclaims pursuant to CPLR 3211(a), and discovery was exchanged subsequent to the disposition of that prior motion (see Walker v Kramer, 162 AD3d 827, 828; Torres v Kalmar, 136 AD3d 457).
The plaintiffs established their prima facie entitlement to judgment as a matter of law dismissing the counterclaims alleging breach of contract based on the improper use or occupancy of the cellar within the corporation's building. In support of their motion, the plaintiffs submitted, inter alia, copies of the proprietary lease they signed in 1995 and signed by the defendant Rajeev Subramanyam in 2006 and the defendant Kyle Taylor in 2010. The proprietary lease contained a rider granting to the owners of Unit 1 sole use of the cellar, subject to section 7(a) of the proprietary lease. Those defendants do not specifically dispute that the proprietary lease contains such a provision, and there is no language in the proprietary lease contradicting the terms of the subject rider.
As to the alleged building code and/or regulatory violations alleged by the individual defendants, the plaintiffs submitted, inter alia, plans approved by the New York City Department of Buildings in 1986 for renovations of the cellar, showing compliance with regulations regarding the means of egress in areas served by a spiral staircase (see Multiple Dwelling Law § 54), and the presence of windows in the cellar of the subject building (see New York City Admin. Code §§ 27-2086). The plaintiffs also submitted the affidavit of an architect who stated that the renovations conformed to those plans. In opposition, the defendants failed to raise a triable issue of fact as to any existing building code or regulatory violations regarding the use or occupancy of the cellar. Therefore, the plaintiffs are entitled to summary judgment dismissing the counterclaims alleging breach of contract based on the use or occupancy of the cellar (see Board of Mgrs. of Honto 88 Condominium v Red Apple Child Dev. Ctr., 160 AD3d 580, 581; Tucciarone v Hamlet on Olde Oyster Bay Homeowners Assn., Inc., 154 AD3d 898, 900).
However, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law dismissing the counterclaims alleging breach of contract based on an improper sublease. Under the circumstances here, where the corporation had no duly elected directors or officers at the relevant times, and the plaintiffs purported to act as officers, any lack of notice of an alleged breach would not relieve the plaintiffs of liability (cf. Saran v Chelsea GCA Realty Partnership, L.P., 148 AD3d 1197, 1199). Further, the plaintiffs failed to show, prima facie, that they did not breach the provisions of the proprietary lease relating to subleases. The proprietary lease requires that consent of the directors or at least 75% of the shareholders is required for subleasing or renewals of a sublease. The proprietary lease also contains a clause prohibiting oral modifications thereof. The record also contains evidence showing that at relevant times, the plaintiffs have increased the rent paid by their subtenant. Under these circumstances, the plaintiffs' evidence as to the individual defendants' alleged oral consent to the sublease failed to show, prima facie, that they did not breach the terms of the proprietary lease (see Bregman v 111 Tenants Corp., 97 AD3d 75; LJ Kings, LLC v Woodstock Owners Corp., 46 AD3d 321, 323; see also Joseph Rustin's, Inc. v Manzo's Furniture City, Inc., 155 AD3d 848). Contrary to the plaintiffs' contention, any failure of [*3]the defendants to respond to certain notices to admit would not establish their entitlement to sublease at will, as that issue is disputed (see CPLR 3123[a]). Further, the purported settlement between the plaintiffs and the corporation was not shown to be effective, as all parties were enjoined from acting on behalf of the corporation at the time of that settlement.
The plaintiffs also failed to establish their prima facie entitlement to judgment as a matter of law dismissing the counterclaims alleging a breach of fiduciary duty based on, inter alia, the improper misappropriation of corporate funds and the improper management of the corporation. Although the plaintiffs submitted bank records for the relevant period, including copies of checks deposited into and written on the corporation's checking account, the record does not contain any evidence as to the purpose for which certain checks were paid, or the disposition and purpose of certain withdrawals shown on those records. Moreover, the plaintiffs do not specifically dispute that at the relevant times while they purported to act as the sole corporate officers, they failed to make full financial disclosures to the other shareholders. Under these circumstances, the plaintiffs are not entitled to summary judgment dismissing the counterclaims alleging breach of fiduciary duty (see Slocum Realty Corp. v Schlesinger, 162 AD3d 939, 944; Stinner v Epstein, 162 AD3d 819, 821).
We agree with the Supreme Court's denial of that branch of the plaintiffs' motion which sought to vacate a preliminary injunction against them. By order dated November 7, 2014, the court granted that branch of the individual defendants' motion which was to preliminarily enjoin the plaintiffs from purporting to represent the corporation as board members or officers. The plaintiffs set forth no grounds for disturbing that order or the order dated September 15, 2015, which confirmed the report of a referee as to a shareholders' meeting at which a board of directors was elected. Accordingly, the plaintiffs set forth no grounds for vacating the preliminary injunction (see Lamouree v Ewart, 124 AD3d 602; Thompson v 76 Corp., 54 AD3d 844, 846).
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court