Walter Arnstein, Inc. v AX Trading Group, Inc. (2023 NY Slip Op 03564)

Walter Arnstein, Inc. v AX Trading Group, Inc.

2023 NY Slip Op 03564

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kern, J.P., Moulton, Mendez, Shulman, Rodriguez, JJ. 

Index No. 654254/19 Appeal No. 594 Case No. 2022-02341 

[*1]Walter Arnstein, Inc., Plaintiff-Respondent,
v
AX Trading Group, Inc., et al., Defendants-Appellants.

Catherine P. McGovern, Bronx, for appellants.
Abrams Fensterman LLP, Brooklyn (Zachary D. Kuperman of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered October 28, 2021, which, insofar as appealed from, granted in part plaintiff's motion for summary judgment against defendants as to liability on its breach of contract and breach of a guaranty claims to the extent of the alleged unpaid real estate taxes, porter wage escalation charges, late fees and a cleaning fee due pursuant to the terms of the parties' sublease agreement, unanimously affirmed, without costs.
Plaintiff sublessor's evidence established its prima facie entitlement to partial summary judgment on the aforementioned claims. The 2008 and 2009 overlease modifications expressly provided that the overlease terms were to apply to the leased commercial space. The parties' sublease provided that the corporate defendant, as sublessee, was to assume all plaintiff-tenant's obligations under the overlease, as modified. The sublease further provided that "wherever the term 'Tenant' occurs in the Underlying Lease, the same shall be deemed to refer to [the corporate defendant]." The overlease obligated plaintiff to pay specified percentages of the real estate taxes and porter wage escalation charges, plus any late fees and fees necessary to clean the premises upon the corporate defendants vacating. Pursuant to the guaranty, Victor Angermuller, the corporate defendant's principal, "unconditionally guarantee[d] . . . the full and punctual payment . . . of all fixed rent and additional rent and such other sums payable by [corporate defendant] under the [s]ublease." Defendants do not challenge the authenticity of the agreements in question. The pertinent language in the agreements is clear, complete and unequivocal, and warrants they be enforced in accordance with their terms (see generally W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; see also Rubin v Leshner, 36 AD3d 473, 474 [1st Dept 2007]).
In opposition, defendants failed to point to any language in the overlease, its modifications or the sublease that excepted the corporate defendant from having to pay the abovementioned charges and fees. To the extent defendants argue that when plaintiff failed to serve defendants with notices of default or seek to collect on late fees and other charges accrued as specified herein until such time as the instant action was commenced, this amounted to a waiver or modification of the terms of the parties' sublease agreement, that argument is unavailing given the unambiguous no waiver and
no oral modification provisions in the subject agreements (see generally 457 Madison Ave. Corp. v Lederer De Paris, Inc., 51 AD3d 579 [1st Dept 2008]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023