Matter of N47 Assoc. LLC v Jemsco Realty LLC (2023 NY Slip Op 03842)

Matter of N47 Assoc. LLC v Jemsco Realty LLC

2023 NY Slip Op 03842

Decided on July 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 13, 2023

Before: Webber, J.P., Gesmer, González, Scarpulla, Mendez, JJ. 

Index No. 159215/20 190819/20 Appeal No. 171-172-173-174 Case No. 2022-00043 2022-00044 2022-02601 2022-02602 

[*1]In the Matter of N47 Associates LLC, Petitioner-Appellant-Respondent,
v
Jemsco Realty LLC, Respondent-Respondent-Appellant.
Jemsco Realty LLC, Plaintiff-Respondent-Appellant,
v
N47 Associates LLC, Defendant-Appellant-Respondent.

Rivkin Radler LLP, New York (Pia E. Riverso of counsel), for appellant-respondent.
Armstrong Teasdale LLP, New York (Andrew T. Lolli of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered December 23, 2021, which, insofar as appealed from, denied Jemsco Realty LLC's motion for summary judgment on its claims and defenses based on adverse possession and prescriptive easement and granted N47 Associates LLC's cross-motion for summary judgment to the extent of dismissing Jemsco's trespass claim and its claims and defenses of adverse possession and prescriptive easement with respect to aerial encroachments, and order, same court and Justice, entered on or about May 17, 2022, which, insofar as appealed from, granted N47's motion to renew its summary judgment motion, and upon renewal, granted its motion to the extent of dismissing those parts of Jemsco's claims predicated upon the existence of a "foundation wall" and otherwise adhered to its prior determination, unanimously affirmed, with costs.
In 2007, Jemsco acquired property on the north side of West 47th Street described as 29 West 47th Street (the Jemsco building). At that time, the lot was improved with a 16-story building, the east wall of which extends to the property line. In 2018, N47 bought the lot immediately to the east, described as 27 West 47th Street. At that time, the lot was improved with a six-story building built in 1924 (the N47 Building), whose west wall lies parallel to and 18 inches east of the property line. This dispute concerns the parties' competing claims to the 18-inch wide and 100-foot-long strip of land between the west wall of the N47 Building and the east wall of the Jemsco Building (the strip). There is no dispute that the strip lies within the metes and bounds of 27 West 47th St.
In or about 2018, N47 determined that it would demolish the N47 Building and construct a new 31-story building on its property. In connection with its planned development of its property, N47 began negotiations with Jemsco to establish an access agreement so that it could document the existing physical conditions and install protections for the Jemsco building during the construction of the new building. When those negotiations failed, N47 commenced this special proceeding pursuant to RPAPL 881, seeking a ruling that it has the right to construct the new building to the edge of its property line, including the strip. Jemsco then commenced a declaratory judgment action, in which it claims that it acquired ownership of or property interests in the strip through adverse possession or by prescriptive easement. The action and special proceeding were consolidated. The parties each moved for summary judgment on their claims.
Supreme Court properly decided the parties' respective motions for summary judgment on Jemsco's claims and defenses for adverse possession and prescriptive easement with respect to the strip. Since N47 has title to the strip, the burden lies on Jemsco to establish adverse possession by clear and convincing evidence (see Keena v Hudmor Corp., 37 AD3d 172, 173 [1st Dept 2007]).
The court properly [*2]concluded that Jemsco did not establish that it was entitled "to tack any prior alleged adverse possession of the Strip enjoyed by its predecessors to its own 10-year time period for adverse possession." This conclusion was based on its finding that Jemsco did not establish that the prior owner "intended to, or actually did, convey any portion of the Strip" when it transferred the deed to Jemsco.
To the extent Jemsco's adverse possession and easement claims are predicated on encroachments of aerial elements over the strip, dismissal is warranted. The aerial encroachments on which Jemsco predicated its claim are wooden spars and iron grates protruding from the sixth floor of the Jemsco Building, a six-inch wide concrete window ledge running the entire length of the strip, and 22 air conditioners that protrude from the Jemsco Building above the strip. None of the aerial encroachments at issue here are, as a matter of law, the type that could provide a sufficient basis for supporting or sustaining Jemsco's claims (see e.g. 1380 Madison Ave., L.L.C. v 17 E. Owners Corp., 12 AD3d 156, 156 [1st Dept 2004] [protruding air conditioners do not support adverse possession]).
However, the court properly found material issues of fact that precluded a grant of summary judgment against Jemsco on its adverse possession claims under the RPAPL or its prescriptive easement claim based on factual allegations concerning certain grounded physical intrusions. Specifically, Jemsco had also argued that it was entitled to summary judgment based on certain grounded encroachments, including a purported "foundation wall," a cinderblock protrusion, and an extension wall. In its initial decision, the court correctly found that issues of fact remained as to whether all of these grounded features gave rise to an adverse possession of the strip under the pre-2008 version of the RPAPL, and that, in the circumstances here, issues of fact remain as to whether Jemsco's predecessor intended to and actually did transfer title to that adversely possessed property. However, upon renewal, the court correctly found that the evidence established that the purported "foundation wall" never existed as part of a substantial enclosure of the strip. Accordingly, the court appropriately granted summary judgment dismissing so much of Jemsco's adverse possession and prescriptive easement claims as were predicated on the existence of the foundation wall.
Issues of fact also exist as to the other elements of Jemsco's claims subject to the pre-2008 RPAPL. While N47 argues that the court had considered a Department of Buildings document which it contends establishes that its predecessor consented to the construction of the enclosure on the strip, we find that, even if consideration of this document was appropriate, neither the document nor other record evidence resolves all issues of fact relating to the hostility and exclusivity of Jemsco's predecessor's alleged adverse possession of the strip. Thus[*3], on this basis as well, summary judgment was correctly denied as to both parties on this claim.
To the extent Jemsco may not ultimately establish an adverse possession by its predecessor under the pre-2008 RPAPL, the court also properly declined to issue a summary judgment ruling deciding Jemsco's own claim of title by adverse possession subject to the post-2008 RPAPL. Furthermore, the court properly rejected N47's argument that this part of Jemsco's claim should be dismissed because the cinderblock and extension walls are nonstructural encroachments that are permissive and non-hostile, as a matter of law, under the applicable post-2008 RPAPL 543. Even if the evidence shows that the cinderblock and extension walls are nonstructural, under RPAPL 543, nonstructural encroachments, including nonstructural walls, are deemed permissive and nonadverse if they are de minimis in nature (see Wright v Sokoloff, 110 AD3d 989, 990-991 [2d Dept 2013]). Here, issues of fact exist as to whether these encroachments are de minimis.
We have considered the remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 13, 2023