Matter of Mazumdar v Board of Mgrs. of Strivers Gardens Condominium (2023 NY Slip Op 05988)

Matter of Mazumdar v Board of Mgrs. of Strivers Gardens Condominium

2023 NY Slip Op 05988

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Webber, J.P., Singh, Friedman, Mendez, Rosado, JJ. 

Index No. 152334/22 Appeal No. 1072 Case No. 2022-05643 

[*1]In the Matter of Ranjan Mazumdar et al., Petitioners, Karl Medina et al., Petitioners-Appellants,
v
Board of Managers of Strivers Gardens Condominium et al., Respondents-Respondents.

Smith, Buss & Jacobs, LLP, Yonkers (Ryan P. Kaupelis of counsel), for appellants.
Boyd Richards Parker Colonnelli, LLP, New York (Nicholas P. Iannuzzi of counsel), for respondents.

Judgment, Supreme Court, New York County (Lynn R. Kotler, J), entered on or about August 19, 2022, denying the petition brought pursuant to CPLR article 78 seeking, among other things, to vacate respondents board of managers and Rodney Pope as president of the board of managers' (collectively the board) determination to include the sponsor's votes in the November 18, 2021 election of the board, and granting the board and respondent condominium's motions to dismiss the proceeding, unanimously affirmed, without costs.
The basic principles of contract interpretation apply to bylaws and offering plans (see Kralik v 239 E. 79th St. Owners Corp., 5 NY3d 54, 59 [2005]; Rotblut v 150 E. 77th St. Corp., 79 AD3d 532, 532 [1st Dept 2010]; Sassi-Lehner v Charlton Tenants Corp., 55 AD3d 74, 78-79 [1st Dept 2008]). Moreover, the relevant provisions of related documents must be read together (Fe Bland v Two Trees Mgt. Co., 66 NY2d 556, 563 [1985]; Sassi-Lehner, 55 AD3d at 78), and where contract language is unambiguous, it will be upheld and enforced according to the plain meaning of its terms (Goldenberg v 425 Park-S. Tower Corp., 151 AD3d 522, 522 [1st Dept 2017]).
Here, the governing documents were clear and unambiguous. Pursuant those documents, the sponsor cannot be the majority deciding vote for the at-large members of the board in the event its common interest attributable to its units is 50% or more, which is not the case here. As the court determined, "[t]he [s]ponsor has the right [to] designate/elect one [s]ponsor-affiliated member of the seven-member [b]oard and to vote for independent candidates running for the remaining six at-large seats" since his common interest attributable to his units was only 27.164%.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023